REDICAN v. INTERCHANGEABLE MAGNETIC SIGN CO., Inc.

(Supreme Court, Appellate Division, First Department. March 20, 1914.)

INJUNCTION (§ 59*)—TEMPORARY INJUNCTION—GROUNDS FOR DENIAL—DOUBT-FUL RIGHTS.

In an action for an accounting under a contract by which defendant gave plaintiff the exclusive sales agency for its products for four months, with a provision for an exclusive agency for five years if he sold specified quantities during the four months, in which it appeared that defendant during such period refused to furnish plaintiff with products and re-fused to renew the contract, plaintiff was not entitled to an injunction pendente lite restraining defendant from selling the products itself, since he had an adequate remedy at law; and, even if entitled to an injunc-tion, it should not be granted until he obtained his contract, or estab-lished his right to one giving him the exclusive agency, especially as the five-year contract alleged was unilateral and imposed no obligation upon plaintiff.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 114–116, 128; Dec. Dig. § 59.*]

Appeal from Special Term, New York County.

Action by George B. Redican against the Interchangeable Magnetic Sign Company, Incorporated. From an order granting an injunction during the pendency of the action, defendant appeals. Reversed, and motion for injunction denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Milton Mayer, of New York City, for appellant.
Harland B. Tibbetts, of New York City, for respondent.

McLAUGHLIN, J. This appeal is from an order granting an in-junction during the pendency of the action. The action is brought to procure an accounting under a contract between the parties and to compel defendant to execute a new contract. On July 9, 1913, the parties entered into a contract, copy of which is annexed to and made a part of the complaint, from which it appears that the defendant gave the plaintiff the exclusive sales agency for the United States of Amer-ica of all products manufactured or to be manufactured by it under certain letters patent for a period of four months. The contract fur-ther provided that at the expiration of the four months the defendant would enter into a contract giving the plaintiff the exclusive agency for the sale of the same products, for a period of five years, with an option to him to renew for an additional five years, provided, during the four months specified in the contract sued on, the plaintiff had em-ployed at least five salesmen to sell the products referred to, outside of New York City, and also during the first month sold goods of the value of at least $1,000, and increased such sales at least 20 per cent. each month thereafter. The complaint alleges that the plaintiff entered up-on the performance of the contract and duly performed the same, ex-cept in so far as he was prevented from so doing by defendant; that the sales the first month amounted to $1,000; the second to $1,200,

and there would have been an increase during the third month of more than 20 per cent. if defendant had not interfered with and stopped him; that he did interfere and cancel his contract, and refuse to furnish him with any of the products specified, or to renew the contract. The answer admits the contract and the amount of sales for the first two months, also the cancellation and refusal to execute a renewal, and that the defendant is now selling its own products. After issue had been joined the plaintiff moved for an injunction restraining defendant from selling the products during the pendency of the action. The injunction was granted upon the condition that the respondent furnish an undertaking for $1,000 and faithfully perform the contract sued on. Defendant appeals.

I am of the opinion the order should be reversed. The four months specified in the contract had expired when the action was commenced. If plaintiff were unlawfully discharged, or has any claim under that contract, he has an adequate remedy at law. The contract having been terminated, he was not entitled to an injunction enjoining defendant from selling its own products; certainly not until he had obtained a contract, or established that he had a right to one giving him the exclusive agency to sell. It may be upon the trial of the action he can show he was entitled to such a contract, but it does not so appear in this record. The five-year contract to which plaintiff in his complaint alleges he is entitled is unilateral. It imposes an obligation on one party and no obligation whatever on the other. By this contract, as pleaded, plaintiff did not agree to sell any of the products, to employ any agents, or in fact to do anything at all. Goodyear v. Koehler, 159 App. Div. 116, 143 N. Y. Supp. 1046.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied with $10 costs. All concur.