EDWARD W. COOKE, Plaintiff, *v.* HARRISON S. DODGE and Others, Defendants.

Supreme Court, Steuben County, July 24, 1937.

*John W. Hollis,* for the plaintiff.

*Lyle W. Jackson,* for the defendants.

KNAPP, J. The plaintiff seeks by this motion to procure a permanent injunction restraining the defendants from conducting

a hearing of charges filed against the plaintiff and making a determination thereon.

The defendants assert that there is not a cause of action alleged in the plaintiff's complaint, and, in case the court disagrees with that contention, then that they should have alternative relief.

The material facts involved in this controversy are not seriously in dispute. The inferences to be drawn from certain facts are seriously in dispute.

The plaintiff is the principal of the high school in the city of Hornell, and has held that position for many years. That by reason of length of service and other acts he has what is known as tenure of office. The defendant Dodge is the superintendent of schools in that city, and the other three defendants are members of the board of education, also of that city.

That there came a time when certain members of the board of education filed charges against the plaintiff, charging him with incompetency and inefficiency in the administration of his office as principal of such high school and with conduct prejudicial to good order and discipline in the school. Those charges were signed by the defendant Dodge, as superintendent of schools of the city, and by the three defendants, as members of the board of education having in charge the management of such high school. It is claimed on the part of the plaintiff that a conspiracy exists between certain members of the board of education, together with the superintendent of schools, to file charges against him and to prejudge those charges and to find him guilty regardless of the evidence, and dismiss him from his present position. The plaintiff had notice of the charges, appeared before the board personally and through his counsel, and objected to the hearing of the charges as filed and the specifications thereunder. Upon being overruled by the board of education and such request denied, this action was brought and a temporary injunction obtained restraining the defendants from proceeding farther until the court might try the issues involved.

Subdivision 1 of section 872 of the Education Law (as amd. by chap. 680 of the Laws of 1936) provides, among other things, that the board of education, upon the recommendation of the superintendent of schools, may appoint a principal who may be removed during the period of his probation as therein provided.

Subdivision 3 of the same section (as amd. by chap. 819 of the Laws of 1935) provides, among other things, that, at the expiration of the probationary term for which such principal is appointed, and after certain formalities therein have been complied with, such person shall hold his position during good behavior and

efficient and competent service and shall not be removed except for cause after a hearing by the affirmative vote of a majority of the board. It then provides that any person feeling aggrieved by the decision of such board of education may adopt one of two courses of procedure: *First.* He may review the determination of the board by an appeal to the Commissioner of Education, or, *second.* He may sue out a writ of certiorari and review in the courts the validity of the proceedings before and the determination by such board of education.

Subdivision 3-e of the same section (as added by chap. 851 of the Laws of 1936) provides the method of such hearings and the methods of determination to be reached thereon. It will, therefore, be seen that a comprehensive scheme of preferring charges and the trial thereunder is provided by statute as to all persons having what is known as tenure of office under the Education Law, as provided in the section that I have just cited. The tenure of office given to teachers by section 872 of the Education Law is in derogation of the common-law right of contract on the part of public authorities in engaging of public servants of this character, and should be strictly construed. (*Matter of O'Conner* v. *Emerson,* 196 App. Div. 807, 813.)

If the acts set forth in the plaintiff's complaint were lawful acts performed in a lawful manner, even though they caused damage to the plaintiff, and even though the defendants acted with malicious motive, still no action for conspiracy would lie. (*Dalury* v. *Rezinas,* 183 App. Div. 456, and cases cited in the dissenting opinion of the court on p. 464; *Cohen* v. *Fisher & Co.,* 135 id. 238; *Prospect Park & Coney Island R. R. Co.,* v. *Morey,* 155 id. 347, 351.)

Neither are allegations in the complaint that certain acts were wrongfully, unlawfully, unreasonably or maliciously done, or were invalid or illegal, or the allegation of conspiracy without a statement of facts, sufficient to constitute a cause of action. (*Goodman Bros., Inc.,* v. *Ashton,* 211 App. Div. 769; *Peabody, Jr., & Co., Inc.,* v. *Travelers Ins. Co.,* 210 id. 261, 264; *Almirall & Co., Inc.,* v. *McClement,* 207 id. 320, 328; *Nillson* v. *Lawrence,* 148 id. 678; *De Jong* v. *Behrman Co.,* Id. 37, 40.)

Measured by these rules, I do not believe that the plaintiff's complaint states a cause of action as against the defendants, but there is another defense to this action — the plaintiff, being a teacher, is not a public officer, but is only an employee of the board of education. His employment was contractual. (*Steinson* v. *Board of Education of N. Y.,* 165 N. Y. 431; *Murphy* v. *Board of*

*Education,* 87 App. Div. 277, 278; *Munnally* v. *Board of Education,* 46 Misc. 477; *Matter of Gelson* v. *Berry,* 253 App. Div. 20.)

A court of equity will not compel an employer to continue in his employ a servant or agent distasteful to him, or be bound by the acts of an agent whom he no longer desires to represent him. (*Kerr Steamship Company, Inc.,* .v. *Kerr Navigation Corp.,* 113 Misc. 56; *Miller* v. *Warner,* 42 App. Div. 206; *Barcus* v. *Cooper,* 184 id. 111, 118.)

The court is not unmindful of the fact that the plaintiff, by virtue of the statute, holds a tenure of office, a principal of this high school, and by virtue thereof cannot be removed except charges against him are preferred to the proper board and a trial had and a proper determination made. The court is unable to see why, under the authorities just cited, a court of equity would intervene to prevent the dismissal of a servant by his employer; still, in a case like this, a court of equity would intervene where the question is not one necessarily of dismissal but one of a hearing of charges preferred against the plaintiff.

Furthermore, even if it be assumed that the plaintiff has a valid agreement and a valid tenure of office and is subsequently and unlawfully discharged or prevented from performing it, he has an adequate remedy at law for the recovery of his damages. (*Miller* v. *Warner,* 42 App. Div. 208; *Bowen* v. *City of Schenectady,* 136 Misc. 307, 311; *Redican* v. *Interchangeable Magnetic Sign Co., Inc.,* 162 App. Div. 803, 805.)

It is strenuously urged by the plaintiff that the board of education have prejudged his case and that a trial or hearing under charges made is a mere formality.

Under the Education Law of the State the control, management and direction of teachers and other employees of school districts are under the supervision and control of boards of education or trustees. What has been just said not only applies to this State but is quite universal throughout the United States. (Note, 49 A. L. R. 482.) Having control and management of the affairs of the school district, it necessarily follows that, unless prohibited by statute, such school directors or school board may at any time discharge a teacher employed by them for incompetency or for neglect in the discharge of duties. If this is so, it necessarily follows that in those cases whereby such teachers have a tenure of office, the same board of directors or board of education may file or hear charges against a teacher and act thereon as the evidence warrants, subject only to such review of its decision as provided by statute. As to the good faith required by such board of education in the

preparation and hearing of such charges, I quote the language of the court in *Matter of Davis* v. *Sayer* (205 App. Div. 562, 567): "The cause assigned must be substantial and not shadowy, and that the explanation must be received and acted upon in good faith and not arbitrarily. To be substantial, the cause assigned must be some dereliction on the part of the subordinate, or neglect of duty, or something affecting his character or fitness for the position. * * * This explanation is not a mere form to precede a predetermined removal. The minds of the commissioners must be open to explanation. They must act upon it fairly and reasonably. They cannot arbitrarily disregard it."

The procedure of filing charges and the right of the recipient of those charges to make reply and to have a hearing or trial, is well settled both in police and fire departments of the State government. Neither does the fact that charges are preferred by the board itself, as in this case, affect the situation. It is a common practice in other departments of the State government to which I have just alluded, to adopt this course of procedure. It has been approved in the Civil Service Law. (*Matter of Davis* v. *Sayer*, 205 App. Div. 562.) If a trial of charges preferred against this plaintiff should be had by the board of education of Hornell, such board must never forget that it is acting judicially in trying these charges, that it must act fairly and honestly toward the plaintiff, and this court will be quick to discover any unfairness or any act done or taken by the board which unfavorably affects the rights of this plaintiff, and will be equally as quick to set aside any determination made by the board, based upon illegal evidence or unfair and prejudical conduct of the board.

The plaintiff's motion for a continuence of the injunction is denied, with ten dollars costs.

The defendants' motion to dismiss the plaintiff's complaint is granted, with costs.

Prepare order.