HAWTHORNE, Justice.
 

 Defendant, Orleans Parish School Board, has appealed from a judgment of the district court granting to plaintiff, Lionel J. Bourgeois, a permanent injunction which restrained and enjoined the defendant from disturbing plaintiff in the peaceful possession of his office as superintendent of the Orleans Parish schools and from interfering with the performance of his duties as such and with the enjoyment of the emoluments of the office, and reserving unto the school board the right to try the plaintiff after due hearing and notice under any and all charges lodged against him. Plaintiff-appellee has answered the appeal, praying that the judgment be amended so as to strike therefrom that portion which reserved unto the school board the right to try him.
 

 On December 9, 1949, plaintiff-appellee was re-elected superintendent of schools by the Orleans Parish School Board for a term of four years beginning August 1, 1950. See Section 19, Act No. 100 of 1922, LSA-RS 17:54. On December 1, 1950, charges of inefficiency, incompetency, and unworthiness were filed with the board against the superintendent by three members of that board. The board accepted the charges and fixed a date for a hearing thereon. Notice of the hearing was given to plaintiff, and he appeared through counsel at the time fixed and filed numerous exceptions and objections and a denial of the charges, and that meeting was adjourned.
 
 *515
 
 Without allowing the superintendent a hearing or giving him an opportunity to be heard in defense of the specific charges, the school board on- January 10, 1951, by resolution discharged him for incompetency, inefficiency, and unworthiness. The board concluded that certain charges against it made by the superintendent in his exceptions and objections filed to the hearing were sufficient within themselves to constitute incompetency, inefficiency, and unworthiness.
 

 The superintendent had charged that the board was incompetent to try him because members of that board had filed the charges against him, and he had challenged the justice of such procedure, objected to being tried by his accusers, and demanded that he be provided with an impartial hearing. The school board considered that this objection in itself showed that the board and the superintendent could not work together and afforded sufficient cause for his removal: The-, resolution of dismissal sets out that, although the law does not require the school board to grant a hearing, in the interest of fairness a hearing was tendered, but that, in view of the legal objections raised by the superintendent to the- hearing, the board had no alternative except to dismiss him and leave the matter of a hearing to the courts.
 

 The exceptions and objections filed by the plaintiff with the school ■ board have been attached to, and made part of, his petition for an injunction filed in- the district court, and the petition contains the' further allegation that plaintiff has not been found guilty by the school board of any of the specific charges filed by the three members and has been summarily dismissed or discharged without a hearing.
 

 In this court appellant, the school board, contends that' under the law of this state a parish superintendent may -be discharged by a parish school board without the necessity of a hearing, and that consequently its dismissal of the superintendent in the instant case was legal and proper.
 

 ' Article 12, Section 10, of the Constitution sets forth that the Legislature shall provide for the creation and election of parish school boards, which shall select parish superintendents for their respective parishes, and pursuant to this mandate the Legislature adopted Act No. 100 of 1922, which provides in Section 19, LSA-RS 17:54, that each parish school board shall elect the parish superintendent for a period of four years. This section of the statute further provides: “If at any time a parish superintendent shall be found incompetent, inefficient or unworthy, he shall be removable for such cause by a majority vote of the membership of the parish school board at any regular meeting or at any special meeting after due notice.”
 

 The parish superintendent is therefore an officer, elected for a definite and fixed term, removable only for the causes set forth in the statute by a majority vote of the membership of the parish school
 
 *517
 
 board, and by the great weight of authority the inference is that the Legislature intended by these provisions that the existence of the cause for removal must be determined after notice has been given to the superintendent of the charges made against him and he has been given an opportunity to be heard. Mechem on Public Officers, Section 454, p. 287; Throop, Public Officers, Section 364, p. 359; Annotation, Power to remove public officers without notice and hearing, 99 A.L.R. 336; 67 C.J.S., Officers, § 61, p. 255.
 

 Mechem states the rule as follows:
 

 “In those cases in which the office is held at the pleasure of the appointing power, and where the power of removal is exercisable at its mere discretion, it is well settled that the officer may be removed without notice or hearing.
 

 “But on the other hand, where the appointment or election is made for a definite term or during good behavior, and the removal is to be for cause, it is now clearly established by the great weight of authority that the power of removal can not)
 
 except by clear statutory authority,
 
 be exercised without notice and hearing, but that the existence of the cause, for which the power is to be exercised, must first be determined after notice has been given to the officer of the charges made against him, and he has been given an opportunity to be heard in his defense.”. (Italics ours.)
 

 The Supreme Court of the United States in Reagan v. United States, 182 U.S. 419, 21 S.Ct. 842, 845, 45 L.Ed. 1162, recognized the rule in the following language:
 

 “The inquiry is, therefore, whether there were any causes of removal prescribed by law March 1, 1895, or at the time of the removal. If there were, then the rule would apply that where causes of removal, are specified by Constitution or statute, as also' where the term of office is for a fixed period, notice and hearing are essential. If there were not, the appointing power could remove at pleasure or for such cause as it deemed sufficient.”
 

 In State ex rel. McMahon v. City of New Orleans, 107 La. 632, 32 So. 22, 25, the rule was applied to the removal of a municipal officer, and in the course of the opinion this court said:
 

 “ * * * where there is a franchise in the office resulting from an election or appointment for a term established by law, there must be a charge against him, stated with substantial certainty, though not necessarily with the technical precision required in indictments; notice must be given of the time and place fixed for the hearing of such charge; reasonable opportunity must be afforded to answer the same and to produce testimony; and the officer is entitled to be heard and defended by counsel, to cross-examine witnesses, and to except to the proof against him. If the charge be not denied, still, it must, if not admitted, be examined and proved. * * ”
 

 Appellant argues that, under the provision of the statute that, “If * *' * a
 
 *519
 
 parish superintendent shall be found incompetent, inefficient or unworthy, he shall be removable for such cause by a majority vote of the membership of the parish school board * * * ”, all that is necessary is for the superintendent to be
 
 found
 
 incompetent, inefficient, or unworthy by the board, and that a hearing is not necessary; in other words, that the board has the power to determine that a cause within the statute exists and, having so determined, to dismiss the superintendent by vote of the membership of that body. Appellant argues that the word “find” means “to arrive at, as a conclusion”. We fully agree that the Legislature by using the word “found” in the statute showed that it intended that the school board must arrive at the conclusion that the superintendent is incompetent, inefficient, or unworthy before it can remove him, but we do not think that by using the word it showed a clear intent that such conclusion could be reached by the board by majority vote of its membership without giving to him a hearing.
 

 Appellant also argues that, when every part of the statute, Act No. 100 of 1922, as amended, LSA-RS 17:1 et seq., is considered and the statute is read as a whole, it is clear that the Legislature did not intend that the superintendent be granted a notice and a hearing prior to dismissal. In support of this argument it calls our • attention to the fact that the statute provides for a notice and a hearing for the removal of permanent teachers in the Parish of Orleans and elsewhere and for the removal of permanent school bus operators, Section 48, LSA-RS 17:443; Se'ction 66, LSA-RS 17:462; Section 29, LSA-RS 17:493, and argues that, since the statute fails expressly to provide for. a hearing for the superintendent, none was intended.
 

 Teachers and school bus operators are employees of the school board and do not have the status of public officers, and for them to be entitled to a hearing prior to dismissal it was necessary for the Legislature so to provide; otherwise they were subject to dismissal at the will and pleasure of their employer. Certainly it cannot be presumed that the Legislature intended to grant the right of a hearing to these employees and to deny such a right to an officer employed by the school board. Furthermore, under the well established rule of statutory interpretation as set out herein-above, it was unnecessary for the Legislature to incorporate in the statute any provision granting such officer a right to notice and a hearing before dismissal, because the fixing of the officer’s term and the providing that he may be dismissed only for cause show that a hearing was intended.
 

 In support of this argument appellant cites numerous cases, and especially directs our attention to the cases of People ex rel. Woodward v. Draper, 142 App.Div. 102, 127 N.Y.S. 14, and Darnell v. Mills, 75 Wash. 663, 135 P. 475. In each of those cases the court found that the particular statute
 
 *521
 
 under consideration made it clear that it was the intention of the Legislature to deny to the discharged officer or employee a hearing, and in our statute we cannot read or find any such clear intention.
 

 Appellant also urges that appellee is not entitled to injunctive relief in the instant case. There is no merit in this contention under the holding of this court in Jackson v. Powell, 119 La. 882, 44 So. 689, and authorities therein cited. •
 

 We do not think that the judgment should be amended as prayed for by appellee in his answer to the appeal. He attaches to, and makes part of his petition for an in-< junction the objections and exceptions filed by him to the school board hearing. These objections and exceptions disclose that he objects to being tried by his accusers and demands that he be provided with an impartial hearing; or, in other words, that under these circumstances the school board is not competent to conduct the hearing.
 

 In brief in this court appellee contends that the State Board of Education is the proper body to conduct such hearing because of the provision of Article 12, Section 10, of the Constitution, that that board' fixes the qualifications and prescribes the duties of parish superintendents. The State Board of Education is created under the authority of, and pursuant to, Section 4 of Article 12, the last paragraph of which reads as follows:
 

 “The Legislature shall prescribe the duties of said board and define its powers; provided, that
 
 said board shall not control the business affairs of parish school boards, nor the selection or removal of their officers and
 
 directors." (Italics ours.)
 

 When this provision is read in connection with Article 12, Section 10, which provides that parish school boards shall select parish superintendents of their respective parishes, and with Section 19 of Act No. 100 of 1922, which provides that the superintendent may be removed for cause by a majority vote of the membership of the parish school board, no conclusion can be reached other than that the parish school boards are to control the selection and removal of their officers, and not the board of education.
 

 Further, the fact that certain members of the school board preferred the charges against appellee does not make the board itself incompetent to hear the charges. The school board is the only body which, under the law, has been delegated the power to remove him for cause, and its jurisdiction of the hearing which must be afforded the superintendent is excluí sive.
 

 In an annotation, Necessity as justifying action by judicial or administrative officer otherwise disqualified to act in particular case, 39 A.L.R. 1476, the rule of law applicable to the instant case is given as follows:
 

 “By the great weight of authority, a judge or an officer exercising judicial functions may act in a proceeding wherein he is disqualified by interest, relationship)
 
 *523
 
 of the like, if his jurisdiction is exclusive and there is no legal provision for calling in a substitute, so that his refusal to act would prevent absolutely a determination of the proceeding.
 

 * * * * * *
 

 “The rule permitting action by disqualified judge when no other is competent to act, being an exception, enforced by necessity, to a rule resting on sound public policy, its application in any case can be justified only by strict and imperious necessity; a disqualified judge not being entitled to act, if it is possible to secure another judge to sit in his place.
 

 ******
 

 “It appears that the same rule applies to administrative officers, commissioners, commissions, boards, and other bodies, who possess any powers of a judicial nature; that is, that if there is anyone else who can act in the place of the disqualified person; or persons, the doctrine of necessity does not apply.”
 

 The rule is stated in 67 C.J.S., Officers, § 66, pp. 277,278, thus:
 

 “ * * * Where the statute clearly requires the hearing to be held before a designated administrative officer, and no other officer can hold the hearing, the language of the statute may not be disregarded, or the legislative intent defeated, by holding that the designated officer is disqualified.
 

 “Mere prejudice or alleged prejudice on the part of an official authorized by statuté to remove doe's not affect his right to remove an officer or employee in conformity with statutory proceedings where no provision is made for a hearing before another official in such a case; and the fact that a superior officer authorized to try his subordinates on charges preferred had previously reprimanded or disciplined them does not per se, in the absence of statutory mandate prohibiting it, disqualify him from trying them on charges preferred. The power of removal is not confined to matters with respect to which the officer conduct-' ing the hearing has no personal knowledge or as to which charges have not been made or instigated by him, and such superior officer may make charges on his own knowledge and remove the officer or employee charged if, after a hearing, he determines that such charges are sustained.”
 

 In Moran v. School Committee of Littleton, 317 Mass. 591, 59 N.E.2d 279, 280, an ousted teacher contended that his removal was void because two members of the school committee testified at the hearing. In the course of the opinion the court said: “ * * * The general rule is that a member of an administrative board who is biased or prejudiced against one on trial before the board is not required to withdraw from the hearing if no other board can hear and determine the matter, especially if his withdrawal would deprive the board of the number of members required to take a valid affirmative vote. This rule is based on necessity and is designed to en
 
 *525
 
 able the board to exercise its power where it might otherwise be barred from doing so on account of the bias, interest or prejudice of its members. * * * ” See also Cooke v. Dodge, 164 Misc. 78, 299 N.Y.S. 257.
 

 The parish school board is the only body with the legal authority to remove the superintendent of schools, and no provision is made for any other authority to conduct the hearing, so that to hold that it cannot conduct the hearing in this case would be tantamount to depriving it of the right to remove the superintendent for cause, which is expressly given to it by the statute.
 

 For the, reasons assigned, the judgment appealed from is affirmed; appellant is to pay all costs insofar as allowed by law.