CRATN, Judge.
This is an appeal from a judgment of the trial court rejecting plaintiff’s claim for sick leave allegedly accrued at the time of his retirement. The case was tried below by stipulation and the introduction of documentary evidence.
The record reveals that the plaintiff, Dewitt Sauls, was employed as a teacher in the Tangipahoa Parish school system for a period of thirty-six years. In 1963 he was hired as the Tangipahoa Parish superintendent of schools. He served in that capacity until August 1, 1970 when he retired on his own application.
*900 The documentary evidence indicates that on May 19, 1970, the Tangipahoa Parish school board reviewed a letter from Dr. Ben L. Newell advising of his treatment of Mr. Sauls, and recommended that he be given a sick leave. A resolution was adopted that Mr. Sauls be given sick leave with pay from June 29, 1970 to November 27, 1970. It was apparently anticipated that Mr. Sauls would retire on November 30, 1970. This conclusion is drawn from a resolution adopted by the school board on June 29, 1970 naming Mr. Edwin Newman as acting superintendent “. . . until the retirement -of Superintendent Sauls on November 30, 1970 . . . ”.
On July 7, 1970, the school board met and amended its action of June 29, 1970 to name Mr. Newman as superintendent effective July 1, 1970 for the remainder of Mr. Sauls’ four year term.
On August 4, 1970 the board adopted another resolution approving sick leave for Mr. Sauls for the month of July 1970, and hiring him as a special consultant for the month of August, 1970. The resolution specifically provided that it superceded any prior resolution in conflict therewith.
On August 5, 1970, the plaintiff requested retirement effective August 1, 1970 which request was accepted.
This appeal presents the following questions for the court’s resolution. First is appellant a teacher within the meaning of the law granting sick leave to teachers, and thus entitled to accumulated sick leave as a teacher. Secondly, and in the alternative, if appellant is not a teacher, is he a school board employee entitled to sick leave benefits under the provisions of R.S. 17:1206? Thirdly, is appellant entitled to eighty days of sick leave which was granted by the board and subsequently rescinded? We will consider the questions in the above order.
Appellant contends that he must be considered a “teacher” and thus entitled to the accumulated sick leave benefits provided for teachers in R.S. 17:425 and R.S. 17:1201(B). We note apparent conflicts between these two provisions since the 1969 amendment to R.S. 17:1201 (B) in the amount of sick leave which can be accumulated. However, we refrain from a consideration of these statutory provisions because we do not find them applicable to a parish superintendent. The sick leave provisions cited do not define “teacher.” Appellant argues that a parish superintendent must be considered a “teacher” because the law so provides with reference to retirement and tenure.
The retirement provisions for teachers arc found in Part 3 of Chapter 2, Title 17 of the Revised Statutes. In defining “teacher” for purposes of retirement R.S. 17:571 (23) provides as follows:
“Teacher means any teacher, helping teacher, librarian, secretary, clerk, principal, supervisor, superintendent of public schools, state superintendent. . ."
Thus, insofar as retirement is concerned the legislature specifically provided that superintendents are to be included in the teacher retirement plan. No such provision was made with reference to sick leave.
Appellant further argues that the definition of teacher under the tenure provisions include parish superintendents. Exactly the opposite is true. R.S. 17:441 provides as follows:
“As used in this Sub-part the word ‘teacher’ means any employee of any parish or city school board who holds a teacher’s certificate and whose legal employment requires such teacher’s certificate.”
Á parish superintendent is required to hold a teacher’s certificate. However, it is obvious that the requirement does not make the superintendent a “teacher” subject to the tenure laws. The term of a parish superintendent is fixed by law at four years. R.S. 17:54. If tenure laws were applicable to the superintendent the *901 provisions of R.S. 17:54 would be obviated, c. f. Potts v. Morehouse Parish School Board, 117 La. 1103, 150 So. 290, Op.Atty. Gen., May, 1956-April, 1958, pg. 765. Since the definition of teacher under the tenure law does not encompass a superintendent, it is apparent that the definition cannot be used to make a superintendent a teacher with reference to the rules relating to sick leave.
Neither can a superintendent be considered a school board employee subject to the sick leave provisions of R.S. 17:1206. For purposes of receiving benefits under R.S. 17:1206, an employee is defined in R. S. 17:1205 as follows:
“The term ‘employee’ as used in R.S. 17:1206-17:1207 shall be construed to be any person in the employ of any parish or city school board of the state of Louisiana who is not a teacher or whose employment does not require the holding of a teacher’s certificate or who is not employed as a bus driver.”
A parish school superintendent is required to hold a teacher’s certificate and thus is not an employee of the board subject to the provisions of R.S. 17:1206.
A parish school superintendent is not a teacher nor an employee. A parish school superintendent is a “public officer” within the meaning of R.S. 42:1 which defines public officer as follows:
“As used in this title, the term ‘public officer’ means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
‘Public officer’ is any person holding a public office in this state.”
There can be no doubt that a parish school superintendent is a public officer. State ex rel. Smith v. Theus, 114 La. 1097, 38 So. 870 (1905). In this respect the superintendent is distinguished from the “teacher” or the school board “employee”. In fact this distinction has been recognized by the Supreme Court of this state with reference to dismissal of superintendents as opposed to teachers and other school employees. In Bourgeois v. Orleans Parish School Board, 219 La. 512, 53 So.2d 251 (1951) it was stated that,
“The parish superintendent is therefore an officer, elected for a definite and fixed term, removable only for the causes set forth in the statute by a majority vote of the membership of the parish school board .
Teachers and school bus operators are employees of the school board and do not have the status of public officers ...” 53 So.2d at 253, 254.
As a public officer holding a public office created by law the parish superintendent has general duties specified by statute, c. f. La.Const., Art. 12, Sec. 10 (1921), R. S. 17:54, R.S. 17:81 — 100. As long as these duties are performed, to require the superintendent to keep a record of hours worked in order to miss a day because of sickness and receive remuneration therefor would be unduly restrictive, and would detract from the importance of the office. We therefore hold that the superintendent is not subject to the sick leave provisions provided for by law for teachers and other school employees.
The remaining question is whether the appellant is entitled to recover sick leave pay granted by the board but withdrawn by subsequent resolution. We think not. We find no provision in the law for a school board granting a superintendent sick leave. As long as the superintendent was not dismissed by the board under the provisions of R.S. 17:54 he would be entitled to receive compensation for holding the office regardless of his health. However, the law makes no provision for a school board to recognize that a superintendent can no longer perform his duties *902 because of illness, and grant him leave with pay while another person is hired to perform the superintendent’s duties. Since the board was not authorized to make its original commitment, we see no prohibition in the board rescinding that commitment.
The judgment of the trial court is affirmed, all costs to be paid by plaintiff-appellant.
Affirmed.