[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION
The plaintiffs Harold Weingerl (Weingerl) and Louis Pepe, Sr. (Pepe) instituted the present action seeking declaratory and injunctive relief relating, in the case of Weingerl, to his position as Chairman of, and, in the case of Pepe, his position as member of, the Derby Municipal Parking Authority (The "Authority"). The court has heard evidence relating only to the claims asserted by the plaintiffs that they are entitled to temporary injunctive relief.
The Authority is created pursuant to General Statutes Section7-202 et seq. and Section 2-36 et seq. of the Ordinances of the City of Derby. The Authority maintains parking facilities, collects revenues and pays maintenance expenses. Pepe was first appointed to the Authority many years ago and has been continuously appointed as a member for successive five year terms and he has also, for many years, been an employee of the Authority. His current five year term expires on September 12, 1997. Weingerl was duly appointed as a member of the Authority and had been elected Chairman of the Authority and his current term as a member of the Authority will expire on September 12, 1995.
In March of 1994, the Mayor of the City of Derby, the defendant Alan R. Schlesinger, appointed the defendant Joseph CT Page 7231 Moore as a member of the Authority to fill a vacancy created by the expiration of the term of a previously appointed member of the Authority. In March of 1994, the defendant Schlesinger determined that a conflict existed, under the General Statutes and under the Ordinances of the City of Derby arising from the fact that Pepe was a member of the Authority and also an employee of the Authority. Therefore, without prior consultation, notice or hearing the Mayor wrote to Mr. Pepe stating: "(D)ue to the conflict of interest presented by your appointment to the Derby Municipal Parking Authority and your employment by the same, I am replacing your position on the Board." The mayor, by letter dated March 10, 1994 appointed the defendant Walter Nizgorski (Nizgorski) to fill the unexpired portion of Mr. Pepe's term.
By notice dated April 11, 1994 a meeting of the Authority was called to be held on April 15. The plaintiffs' claim that the meeting was called by the Mayor and that he had no authority to do so and the defendants assert that the mayor's office was simply providing secretarial service for a meeting desired by a majority of the Authority. Weingerl, as Chairman declared the meeting illegal and cancelled it. However, the meeting was in fact held and was attended by Moore and Nizgorski and two other validly appointed members of the Authority. Neither Weingerl nor Pepe attended the meeting. At the meeting held on April 15, Weingerl was replaced as Chairman of the Authority by Mr. Moore. Pepe claims that he has been deprived of his position as a member of the Authority in violation of his rights of due process of law because he was entitled to notice of the claims made against him and an opportunity to be heard with respect to those claims. Weingerl asserts that he was invalidly removed as Chairman of the Authority although he remains as a member of the Authority.
"It has been long the general rule, established by the overwhelming weight of authority in this country, that equity does not have jurisdiction to remove public officers or to restrain or relieve against proceedings for their removal. . . . . an officer who has been wrongfully removed has an adequate remedy at law in a mandamus action for reinstatement; . . . or in quo warranto, as the circumstances may dictate; . . . and equity therefore will not interfere." Citations omitted. Bartlett v. Rockville, 150 Conn. 428,430 (1963). Such a rule is, however, not without limitation. See cases cited in annot. 34 ALR 2d 556 (1952).
The claims of the plaintiff Weingerl fall squarely within the above quoted rule and accordingly, his motion for temporary CT Page 7232 injunctive relief is hereby denied.
The claim of the plaintiff Pepe, however, stands upon a different footing inasmuch as the claim is made that there has been a clear denial of due process. The power to appoint creates a power to remove and is, in its nature, an executive power. "This power is of two types, namely, the power to remove at will and the power to remove for cause and with attendant requisites of notice and hearing. Where the tenure of appointment is unlimited or indefinite the power to remove at will may be implied, the removal thus becoming solely a matter of executive discretion. Where the term or tenure is fixed for a definite period of time, however, the power to remove at will cannot be implied and such appointee may be removed only for cause and not without notice and an opportunity to be heard. The authorities apparently are in accord that an appointment for a definite term carries with it the right to serve the full period unless sooner removed for cause." State ex. rel.Raslavsky v. Bonvouloir, 167 Conn. 357, 361-362 (1974). It is clear that the plaintiff Pepe has been deprived of his position as a member of the Parking Authority without notice and without an opportunity to be heard. The court concludes that the interest of the plaintiff Pepe is sufficient to activate the constitutional protection provided by due process cause of the state and federal constitutions. See Bartlett v. Krause, 209 Conn. 352, 362-67
(1988).
The granting or denial of injunctive relief rests within the sound discretion of the court and the applicants, to obtain such relief, must demonstrate that they would suffer irreparable harm and they lack an adequate remedy at law. Citicorp Mortgage, Inc.v. D'Avanzo, 31 Conn. App. 621, 627 (1993). While the plaintiff Pepe might obtain relief by virtue of a mandamus action and/or a quo warranto action, such relief would neither be adequate or repairable in view of the clear and admitted deprivation of his rights to due process of law. Accordingly, the court finds that the plaintiff Pepe is entitled to injunctive relief, solely for the purpose of protecting his constitutional right to due process. (Theoretically, Pepe could determine that if a conflict exists, which he does not admit, he would prefer to resign his employment thereby removing any claimed conflict.) See Bourgeois v. Arlene'sParish School Board, 219 La. 512, 53 So.2d 251 (1951); see alsoNewcomer v. Coleman, 323 F. Sup. 1363 (D. Conn. 1970).
Accordingly, the court enters the following orders: CT Page 7233
1. All prior orders issued by this court are hereby vacated.
2. The defendants are hereby enjoined from interfering with the right of the plaintiff Louis Pepe, Sr. to exercise his rights as a member of the Derby Municipal Parking Authority unless or until he is provided with an opportunity to be heard with respect the claims made against him.
Rush, J.