JiHIGHTOWER, Judge.
A high school principal, who seeks to enjoin the parish school board from permitting participation by one of its members at the principal’s tenure hearing, challenges the dismissal of his action. We affirm.

Background

Donald Pennington, superintendent of Tensas Parish schools, lodged with the local school board formal charges of incompetence and willful neglect against Pies Bell, the principal of Davidson High School. Six days before the tenure hearing scheduled to address these complaints, Bell requested the recusation of Helen B. Kifer, president of the board, because her son is married to the superintendent’s daughter. When the board refused to take official action on his request, Bell filed proceedings against that body to enjoin Kifer from sitting as a “fact finder in the tenure hearing.” One week later, after Pennington intervened and following a chambers conference with counsel, the trial court dismissed the suit, finding
no constitutional, statutory or jurisprudential authority to enjoin a hearing of a parish school board held pursuant to LSA-R.S. 17:443 et seq., and upon further finding that petitioner has a remedy by appeal, see LSA-R.S. 17:443B., and finding that for the foregoing reasons the petition fails to state a cause of action, [citation omitted].
The school board thereafter, according to all parties’ briefs, voted to postpone the hearing to await Bell’s appeal of the ruling.

Discussion

The trial court, Bell maintains, erred in dismissing his suit averring that the “relationship” between Kifer and Pennington violates his entitlement to a “fair and impartial fact-finder.”[1] We disagree.
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged. Accepting all well-pleaded allegations of fact as true, the court reviews the face of the 12petition to resolve whether the plaintiff is legally entitled to the relief sought. La. C.C.P. art. 931; Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993).
Bell’s tenure hearing is governed by the provisions of the Teachers’ Tenure Act, La.R.S. 17:441, et seq. Specifically, La.R.S. 17:443 provides for removal after a hearing “by the school board of the parish or city.” Under longstanding interpretation of that statute, the school board is the only public body authorized to hold such a hearing. Tichenor v. Orleans Parish School Board, 144 So.2d 603 (La.App. 4th Cir.1962), citing Bourgeois v. Orleans Parish School Board, 219 La. 512, 53 So.2d 251 (1951). To the extent applicable, La.R.S. 17:444 similarly requires a hearing before the board.
In Bourgeois, supra, when three members of the Orleans Parish School Board brought charges to remove the superintendent of schools pursuant to La.R.S. 17:54, that official obtained injunctive relief from the district court restraining any such interference absent a hearing in the matter. Answering an appeal and arguing that his accusers could not act impartially, the superintendent sought to delete the school board’s right to hold a hearing as reserved in the injunction.
In denying that overture, the appellate court pointed to the school board’s exclusive jurisdiction and quoted an annotation at 39 A.L.R. 1476 for the applicable rule:
*236 By the great weight of authority, a judge or an officer exercising judicial functions may act in a proceeding wherein he is disqualified by interest, relationship, or the like, if his jurisdiction is exclusive and there is no legal provision for calling in a substitute, so that his refusal to act would prevent absolutely a determination of the proceeding.
Other portions of the cited authority indicated that the same rule applies to administrative boards or other bodies possessing powers of a judicial nature.
Tichenor, supra, concerned the removal of a teacher for incompetence and willful neglect of duty. On appeal Tichenor similarly asserted, inter alia, partiality by the school board. Extending the Bourgeois necessity rule to La.R.S. 17:443, the court of appeal rejected the appellant’s position.
|3Nor does a defendant in a removal hearing, conducted “by the school board of the parish” under La.R.S. 17:443, have the right to choose which board members will decide his case. Summers v. Vermilion Parish School Bd., 493 So.2d 1258 (La.App. 3d Cir. 1986), writ denied, 497 So.2d 312 (La.1986).
The rule, enunciated by this jurisprudence, resolves the issue before us. The provisions of La.R.S. 17:443 qualify the Tensas Parish School Board as the only public body authorized by law to hold a hearing on the dismissal of Bell. See Tichenor, supra. Thus, even accepting the allegations of his petition as true, plaintiff is not entitled to the injunctive remedy sought.
On the other hand, a teacher disciplined after a tenure hearing may seek judicial review of the board’s decision. La.R.S. 17:443(B). Under the Teachers’ Tenure Act, the term “teacher” includes principals. La. R.S. 17:441(1); Rousselle v. Plaquemines Parish School Bd., 93-1916 (La. 02/28/94), 633 So.2d 1235.
Accordingly, at appellant’s cost, we affirm the denial of Bell’s preliminary injunction and the dismissal for failure to state a cause of action.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS and PEATROSS, JJ.
Rehearing denied.

. Although the parties in great part argue the merits of Bell's claim, the trial court’s language reflects a dismissal for failure to state a cause of action noticed sua sponte, pursuant to La.C.C.P. art. 927. Thus, our review is directed at the granting of that peremptory exception.