hBROWN, Judge.
Richard McDonald and 37 other firefighters, ranging in rank from fireman to district chief, lodged a suit against their employer, the City of Bastrop (the “City”), seeking a judgment declaring that the City’s current pay practices are violative of La. R.S. 33:1969 and La. R.S. 33:1992 and mandating the City to comply with the statutes and implement a pay plan that would make their compliance thereto easily ascertainable. The suit was dismissed upon the City’s exception of no cause of action.

Discussion

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged. Accepting all well-pleaded allegations of fact as true, the court reviews the face of the petition to resolve whether the plaintiff is legally entitled to the relief sought. La. C.C.P. art. 931; Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993); Bell v. Tensas Parish School Board, 29,279 (La.App.2d Cir.02/26/97), 691 So.2d 234. Any doubt as to the sufficiency of the petition must be resolved in favor of plaintiff. Johnston v. Cummins, 388 So.2d 432 (La.App. 2d Cir.1980); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Gulf South Minerals, Inc. v. Tatco, Inc., 434 So.2d 545 (La.App. 2d Cir.1983).
La. R.S. 33:1969 provides that firefighters shall receive equal recognition and compensation for equal performance of duty and responsibility. La. R.S. 33:1992 sets forth the minimum salaries to be paid to each rank. The higher ranking firefighters’ salaries are calculated as a specified percentage above the salary of a fireman, the lowest designated firefighter. The statute also provides for annual longevity increases for those firefighters having served between three and _|20 years. The increase is at a rate of two percent per annum and is computed on both base and longevity pay.
Plaintiffs urged in their petition that the two statutes read in pari materia require that all firefighters of the same rank and longevity be paid the same salary and that the City has violated this requirement.[1] Plaintiffs do not argue that either statute specifically requires that there be a set written payment plan, but urge that without such a plan it is impossible to determine whether the City is complying with the statutory payment schedule and mandate.
Appellate review of questions of law is simply to determine whether trial court was legally correct or incorrect. Conagra Poultry Co. v. Collingsworth, 30,155 (La. App.2d Cir.01/21/98), 705 So.2d 1280. We find that the trial court committed legal error in finding that on its face, plaintiffs’ petition did not state a cause of action.
The trial court stated that it could not look at the data provided, salaries and ranks, and discern whether the schedule in La. R.S. 33:1992 was being violated. We note, however, that La. R.S. 33:1992 sets forth a specific schedule that, if followed, should be easily ascertainable. The question of whether this statute is being violated is a valid cause of action. When a petition states a cause of action as to any ground or portion of the demand, the exception must be overruled. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982); Moore v. Moore, 427 So.2d 1320 (La.App. 2d Cir.1983).

*1258
Decree

For the foregoing reasons, the judgment of the trial court dismissing plaintiffs’ claim is REVERSED at the City of Bastrop’s cost and the action is REMANDED for further proceedings consistent with this opinion.

. Paragraph one of the petition lists plaintiffs, their classification, date of employment and current salary. The petition states that this listing demonstrates that firefighters of the same rank and duties “are paid widely varying compensation." We note from the listing that Captain Jenkins (hired in 1981) makes more than Captains Grimes and Goleman (hired in 1979); Captain Moreland (hired five years prior to Captain Jenkins) is paid only $78 dollars per month more than Captain Jenkins (which does not comply with the 2% per annum longevity increase); Kevin Diel (hired in 1988), Greg Cheek (hired in 1989), Thomas Crowder (hired in 1990) and Wade Carroll (hired in 1994), who are drivers, are' all paid the same wage; and Muriel Lee (hired in 1994) and Terty Lee (hired in 1990), both firemen, earn the same wage.