Dear Chief Gabriel:
You requested of this Office an Opinion regarding the ability of an elected Chief of Police in a Lawrason Act Municipality to be compensated for 240 hours of accrued leave upon leaving office.
The Lawrason Act Statutes are found at LSA-R.S. 33 § 321, etseq.
R.S. 33§ 381 (Municipal office) states in pertinent part:
 A. The officers of every municipality shall be a mayor, aldermen, a chief of police, a tax collector, and a clerk.
 B. The mayor and chief of police in all municipalities shall be elected at large. The clerk or chief of police may be a tax collector or assessor, if the board of aldermen so decides. Municipalities where the chief of police is appointed rather than elected as of August 1, 1970, may continue to operate with an appointive chief. (Emphasis Added)
Since the Chief of Police is defined by law as a "Municipal Officer," then compensation would be covered under R.S. § 404.1 (Compensation of municipal officers), which states:
 The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen may by ordinance increase or decrease their compensation and the compensation of any non-elected municipal officer and may increase the compensation of other elected officials. However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected. (Emphasis Added).
Therefore, an elected Chief of Police must first inquire of the Board of Aldermen, or other appropriate governing body, to determine the compensation allowed in the specific jurisdiction.
In Opinion No. 85-766, the then-Mayor of Opelousas asked whether an elected chief of police of a municipality is entitled to accrue and be paid for vacation leave.
The response to that request cited the case of Sauls v. TangipahoaParish School Board, (App. 1973), 273 So.2d 899, (sic) where the court held that a parish superintendent of schools is a public officer rather than a public employee, and that in the absence of specific statutory provisions, a public officer is not entitled to sick leave. The response also cited a previous opinion where this Office had determined that an elected chief of police is not entitled to sick leave which is applicable to municipal police employees.
The Opinion concluded that an elected chief of police of a municipality is not permitted to accrue annual leave or vacation time, nor is he eligible to be paid under the guise of having accrued such leave.
More on point to your particular question, in Cogswell v. Town ofLogansport, 321 So.2d 774, 780 (La.App. 2d Cir. 1975), the Court ruled that:
 The elected chief of police is an `officer' of the town and may not be relegated to the status of an employee. See R.S. 33:381.
Since statute, jurisprudence, and subsequent Opinions from this Office have all held that an elected police chief in a Lawrason Act municipality is an "officer" and not an "employee, according to R.S. 33:401.1, then compensation shall be determined by a specific statutory provision from the local governing authority.
Absent any specific provision from the Amite City Council, it is the Opinion of this Office that you are not entitled to receive compensation for any accrued annual leave because a municipal officer is not allowed by law to accrue annual leave.
We hope this Opinion provides you with a resolution to your inquiry. Please contact this Office should you need any further assistance in this matter.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: ___________________________
 WILLIAM P. BRYAN, III Assistant Attorney General
CCF, Jr./WPB, III/sfj