540 P.2d 1347

**Runyan A. BUCKALEW, Plaintiff-Appellant,**

v.

**CITY OF GRANGEVILLE, a Municipal Corporation, Defendant-Respondent.**

**No. 11673.**

Supreme Court of Idaho.

Sept. 30, 1975.

Rehearing Denied Oct. 24, 1975.

William H. Foster, Grangeville, for plaintiff-appellant.

W. C. MacGregor, Jr., William J. Dee, Grangeville, for defendant-respondent.

BAKES, Justice.

Plaintiff appellant Runyan A. Buckalew was appointed to and assumed the office of police chief of the City of Grangeville in February of 1973. On June 22, 1973, Ralph Bos, the mayor of Grangeville, acting with the approval of four of Grangeville's six city councilmen, informed Buck-

12. 83 Idaho 531, 537, 366 P.2d 589, 592 (1961).

alew that he was being removed from office. On June 25, 1973, at a meeting of the mayor and the entire city council, the four city councilmen who had earlier approved Buckalew's removal voted to send Buckalew a letter clarifying the action taken on June 22, 1973, and reaffirming that he had been relieved of his position as chief of police. Buckalew was never given notice of the reasons for his removal, nor was he afforded a hearing at which he could have contested the action of the mayor and the city council.

After having served written demand for back wages upon the city, which was denied, in December of 1973 Buckalew filed suit in the district court seeking recovery of the wages he would have received as police chief for the months of July through November of 1973, less withholding, together with reasonable attorney fees of $1,000. In his complaint Buckalew alleged that he had never been removed from office pursuant to the provisions of the Idaho Code and therefore any attempts to dismiss him had been ineffective. In particular, the affidavits Buckalew filed in support of his motion for summary judgment were intended to show that the action the mayor and city council had taken to dismiss him had not been taken at a regular meeting of the city council or at a properly convened special meeting of the city council, i. e., that he had never been removed at an official meeting of the city council. In his affidavit Buckalew also stated that his appointment as chief of police had been for eleven months and would not have expired until January 7, 1974. Thus, he was attempting to show that he was improperly removed from office before the expiration of his term of appointment. Following the submission of affidavits and the answering of interrogatories, Buckalew moved for summary judgment. The district court considered Buckalew's motion for summary judgment along with Grangeville's motion to dismiss under I.R.C.P. 12(b), which the court treated as a motion for summary judgment. *See Cook v. Soltman*, 96 Idaho 187, 525 P.2d 969 (1974).

In its memorandum opinion the district court concluded that even if Buckalew had been appointed for a fixed or specified term, nevertheless he was subject to removal before the expiration of the term by the mayor and city council without cause and without notice of or a hearing upon the cause for his removal. The district court also concluded that even though counsel for the city of Grangeville had conceded that the object of the special meeting of the city council on June 25, 1973, had not been submitted to the council in writing as required by I.C. § 50–706, the action taken by the city council was nevertheless effective to affirm the mayor's discharge of Buckalew. Thus, the district court concluded that whether Buckalew had been given a fixed term as police chief and whether the special meeting of the city council which confirmed his discharge had been properly convened were not material facts in the suit, and there being no disputed material facts at issue, it granted summary judgment on behalf of the city of Grangeville. *Cook v. Soltman, supra.* Buckalew has appealed. We reverse.

We need not consider whether the district court properly interpreted the Idaho statutes and case law that it relied upon because we believe this case is controlled by decisions of the Supreme Court of the United States construing a public employee's rights to continue public employment under the Fifth and Fourteenth Amendments to the Constitution of the United States. Buckalew's affidavits in support of his motion for summary judgment have put at issue the question of whether the city of Grangeville has deprived him of "property" without due process of law in violation of the Fourteenth Amendment. Thus, summary judgment is reversed and the case remanded for further proceedings.

*The property interest.* The Grangeville City Code [1] provides that the mayor shall appoint a police chief, subject to approval of the city council and that the "appointments shall be made for a specified term." It further provides that an appointed officer may be removed from office by the same authority and in the same manner as he was originally appointed. We must decide whether the allegations in appellant's complaint and affidavits that he was appointed as chief of police until January 7, 1974, when taken in conjunction with the Grangeville city ordinance which specifically provides that such appointment shall be made for a specified term, has created a sufficient allegation of a "property interest" in continued employment which would prevent the granting of summary judgment against appellant under the most recent decisions of the Supreme Court of the United States. We believe it has. By providing that the police chief's term of office shall be for a specified term, Grangeville has created a legitimate claim of entitlement to continued employment as chief of police for the specified term, i. e., the city of Grangeville has by ordinance given the chief of police a legitimate expectation to serve as chief of police for a fixed period of time. *Compare Loebeck v. Idaho State Board of Education,* 96 Idaho 459, 530 P. 2d 1149 (1975). *Gowey v. Siggelkow,* 85 Idaho 574, 382 P.2d 764 (1963), which the city of Grangeville has cited in support of the trial court's holding, is distinguishable because the plaintiff in that case was not appointed to a fixed term nor was he alleging deprivation of a property interest.

*The requirements of due process.* The city of Grangeville, having provided in its city code that all appointments shall be for a specified term, cannot also provide that this interest may be extinguished without due process protections. *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L. Ed.2d 626 (1972). In *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), a case in which the federal government was arguing that it could create a tenure system for federal employees providing for discharge of tenured federal employees without the requirement of notice and a hearing for cause, Justice White explained the requirements of *Sindermann* and its companion case of *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972):

> "These cases only serve to emphasize that where there is a legitimate entitlement to a job . . . due process requires, in order to insure against arbitrariness by the State in the administration of its law, that a person be given notice and a hearing before he is finally discharged. . . . To be sure, to determine the existence of the property interest, as for example, whether a teacher is tenured or not, one looks to the controlling law . . . . The fact that the origins of the property right are with the State makes no difference for the nature of the procedures required. *While the State may define what is and what is not property, once having defined those rights the Constitution defines due process, and as I understand it six members of the Court are in agreement on this fundamental proposition.*" 94 S.Ct. at 1659–1660. (Emphasis added).

Similar requirements were also noted by Justice Marshall in his dissent to the same case, with which Justices Douglas and

I. "CHAPTER 10 APPOINTIVE OFFICERS

. . . .

"1–10–1: APPOINTMENTS: The Mayor shall appoint, subject to approval of the Council, a Clerk, Attorney, Engineer, Police Chief, Fire Chief and Treasurer. The Mayor may appoint, subject to approval by the Council, such other officers as may be deemed necessary for the efficient operation of the business of the Municipality.

"1–10–2: TERMS OF OFFICE: All appointments shall be made for a specified term.
"1–10–3: REMOVAL FROM OFFICE: Any appointed officer may be removed from office by the same authority and in the same manner as he was orginally appointed.
. . . ."

Brennan concurred, in which he discussed *Sindermann* and *Roth* and several earlier decisions of the Court.

"In none of these cases did the Court consider a statutory procedure to be an inherent limitation on the statutorily created liberty or property interest. Rather, once such an interest was found, the Court determined whether greater procedural protections were required by the Due Process Clause than were accorded by the statute.

"Applying that analysis here requires us to find that although appellee's property interest arose from statute, the deprivation of his claim of entitlement to continued employment would have to meet minimum standards of procedural due process regardless of the discharge procedures provided by the statute. Accordingly, *a majority of the Court rejects Mr. Justice REHNQUIST'S argument that because appellee's entitlement arose from statute, it could be conditioned on a statutory limitation of procedural due process protections,* an approach which would render such protection inapplicable to the deprivation of any statutory benefit—any 'privilege' extended by Government—where a statute prescribed a termination procedure, no matter how arbitrary or unfair. It would amount to nothing less than a return, albeit in somewhat different verbal garb, to the thoroughly discredited distinction between rights and privileges which once seemed to govern the applicability of procedural due process." 94 S.Ct. at 1672. (Footnotes omitted; emphasis added).

The constitutional prohibition against legislative provision for the termination of a statutorily created property interest without due process safeguards was also explained by Justice Powell in his opinion, in which Justice Blackmun concurred, as he rejected the contrary conclusion of the plurality opinion which announced the decision in the case:

"The plurality opinion evidently reasons that the nature of appellee's interest in continued federal employment is necessarily defined and limited by the statutory procedures for discharge and that the constitutional guarantee of procedural due process accords to appellee no procedural protections against arbitrary or erroneous discharge other than those expressly provided in the statute. The plurality would thus conclude that the statute governing federal employment determines not only the nature of appellee's property interest, but also the extent of the procedural protections to which he may lay claim. It seems to me that this approach is incompatible with the principles laid down in *Roth* and *Sindermann.* Indeed, it would lead directly to the conclusion that whatever the nature of an individual's statutorily-created property interest, deprivation of that interest could be accomplished without notice or a hearing at any time. This view misconceives the origin of the right to procedural due process. That right is conferred not by legislative grace but by constitutional guarantee. *While the legislature may elect not to confer a property interest in federal employment, it may not constitutionally authorize the deprivation of such an interest, once conferred,* without appropriate procedural safeguards. As our cases have consistently recognized, the adequacy of statutory procedures for deprivation of a statutorily created property interest must be analyzed in constitutional terms." 94 S.Ct. at 1650–1651. (Footnote omitted; emphasis added).

While the case before us is being decided under the due process clause of the Fourteenth Amendment which applies to state action, rather than of the Fifth Amendment which applies to federal action, the Supreme Court of the United States has not distinguished between the due process requirements of the Fourteenth Amendment, considered in the *Sindermann* and *Roth* cases, and those of the Fifth Amendment considered in the *Arnett* case. That no such distinction is involved is demonstrated by the statement of Justice White in *Arnett*

*v. Kennedy, supra,* a Fifth Amendment case:

> "In cases involving employment by the State, . . . 'the rule would apply that where causes of removal are specified by Constitution or statute, *as also where the term of office is for a fixed period,* notice and hearing are essential. . . .' " (Emphasis supplied). 94 S. Ct. at 1657, quoting in part from *Reagan v. United States,* 182 U.S. 419, 21 S.Ct. 842, 45 L.Ed. 1162 (1901).

The city of Grangeville has by municipal ordinance specifically provided that all appointments must be for a specified term. If the appellant was appointed for the specified term from February, 1973, through January 7, 1974, as he alleged by affidavit in support of his motion for summary judgment, then during that term the city of Grangeville was constitutionally prohibited from summarily dismissing him from his position as police chief without notice and a hearing. *Arnett v. Kennedy, supra.*

In the summary judgment proceedings below the city of Grangeville did not controvert the allegations in Buckalew's affidavit that his appointment was for the term from February, 1973, through January 7, 1974, and for purposes of ruling upon the motions before it the district court found that Buckalew's appointment was for the period through January 7, 1974. It was the position of the city of Grangeville and the district court below that the issue of a specified term of appointment was not material and did not need to be controverted to oppose Buckalew's motion for summary judgment. However, under the decision of the United States Supreme Court that issue is material. On remand, the trial court shall give the city of Grangeville a reasonable time to controvert Buckalew's allegations of a specified term of employment, if indeed it truthfully can. If the allegation is not controverted, Buckalew will be entitled to summary judgment on the issue of deprivation of his property right without due process and the district court shall determine his damages.

Reversed and remanded. Costs to appellant.

McQUADE, C. J., and McFADDEN and DONALDSON, JJ., concur.

SHEPARD, Justice (dissenting in part and concurring in part).

I concur with that portion of the majority opinion which reverses the summary judgment granted to the City of Grangeville. I would remand the cause for the purpose of permitting the defendant-respondent City of Grangeville the opportunity of entering an answer to plaintiff-appellant's complaint and thereafter proceed to trial or in the event the city declined to plead further to enter a default judgment in favor of plaintiff.

Plaintiff's complaint in this case is relatively simple. As demonstrated in the transcript he claims to have been appointed Chief of Police of the city in February 1973. He asserts that such employment was for 11 months. My examination of the record does not disclose denial of either of those two facts. He then alleges that said contract of employment was wrongfully and without legally sufficient reason breached and terminated by city officials in June of 1973. My examination of the record indicates that the plaintiff accepts the breach of his employment contract and his termination of employment as a fait accompli. He does not seek specific performance of the contract, any declaration of tenure, any restoration to the position of Chief of Police, nor any damages above and beyond his salary for the months remaining on the employment contract.

This Court has continually admonished itself not to pass on questions of constitutionality unless it is absolutely necessary to do so in order to determine the merits of the case. *See Thompson v. Hagan,* 96 Idaho 19, 523 P.2d 1365, and *Curtis v. Child,* 95 Idaho 63, 501 P.2d 1374, and cases cited therein. Although this case does not in-

volve the restoration of rights to employment, determination of tenure or "academic freedom," the majority here follows the path of constitutional law cleared by the heavy artillery of United States Supreme Court decisions albeit in cases which I do not consider on point herein.

I would take the more restrained approach of remanding the matter for further proceedings in the lower court on the basis of the conventional law of contract. If as alleged by Buckalew he had a right to employment until January 7, 1974, and if the City of Grangeville breached that contract, absent legal and sufficient justification, then I am inclined to believe that Buckalew is entitled to damages for breach of contract. I see no point in laboring the question of the rightness or wrongness in the constitutional sense of Buckalew's firing. All parties herein seem to accept such as an existing fact which at this late date cannot be changed. Buckalew's brief and argument before this Court did not deal with procedural due process except in the most cursory manner. The city did not dignify the point at all.

I would reverse the summary judgment of the trial court and remand the cause for further proceedings consistent herewith.