# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
April 22, 2004 Session

## T. GREEN, ET AL. v. CITY OF MEMPHIS, ET AL.

**A Direct Appeal from the Chancery Court for Shelby County**
**No. CH-01-1566-1     The Honorable Walter L. Evans, Chancellor**

---

**No. W2003-01334-COA-R3-CV - Filed July 15, 2004**

---

Plaintiffs, police officers along with a number of others, were promoted to sergeant after passing a promotional test. Subsequently, the test was declared invalid by the federal court and the city announced its intention to restore the affected officers to their previous rank pending the administration of a new promotional test. Plaintiffs, along with others, filed suit in chancery court to enjoin this action on the part of the city. The chancery court issued a temporary injunction, enjoining the city from removing plaintiffs from their rank of sergeant or from reducing their pay pending final judgment. The chancellor clarified the injunction by order which provided that the injunction would be in effect only "until such time as promotions are made from the 2001 sergeant promotional process." Of the fifty-four plaintiffs in the chancery court taking the new promotional test, the seven plaintiffs-appellants did not rank high enough for promotion. On motion of the city, the chancery court dissolved the preliminary injunction previously issued and, by consent order, allowed the plaintiffs full credit of time served as sergeant as a result of the first promotional process. Plaintiffs have appealed. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Thomas E. Hansom of Memphis for Appellants, J. Mack, R. Burton, D. Parker, and V. NcNeil
Kathleen L. Caldwell of Memphis for Appellants, G. Bennett, L. Bennett and W. Taylor

Louis P. Britt, Thomas J. Walsh, Jr. and Mary H. Beard of Memphis for Appellees, City of Memphis and Memphis Police Services Division

## OPINION

LaFrancine Bennett, Gayniece Bennett, Wyley Taylor, J. Mack, R. Burton, D. Parker and V. McNeil ("Appellants" or "Plaintiffs") are employees of the City of Memphis Police Services Division ("MPD"). In the spring of 2000, Plaintiffs were patrol officers ranking just below sergeant. On March 20, 2000, the City of Memphis ("City") and the MPD (together with City, "Appellees" or "Defendants") announced a promotional process for the sergeant rank that

consisted of a job knowledge exam, a practical test (video), and performance evaluations. Seniority was also a factor in the promotion process. However, the City learned that the integrity of the process had been compromised by certain officers' obtaining the video portion beforehand. The City proceeded with the process, but deleted the compromised portion and re-weighted the remaining sections. The City then promoted 63 applicants to sergeant, including these Plaintiffs.

On July 11, 2000, two unsuccessful candidates for promotion filed suit in the United States District Court for the Western District of Tennessee, challenging the promotional process on several grounds and seeking a temporary restraining order against the City prohibiting the promotion of the successful candidates to sergeant. The court denied the temporary restraining order, and the City proceeded with the promotions on July 12, 2000.

The City then hired an expert, Dr. Richard Jeanneret, to determine whether the modified promotional test was valid. Dr. Jeanneret concluded that due to the tainting of the integrity of the promotional process, the City should start over with an entirely new process. Having been advised of Dr. Jeanneret's findings, on June 25, 2001, the district court granted the unsuccessful candidates' motion for partial summary judgment, finding that the 2000 promotional process was invalid.

On July 3, 2001, the City informed the Plaintiffs and other successful candidates that their promotions would be rescinded as a result of the district court's finding that the 2000 process was invalid.[1] However, the City did offer them the opportunity to draw "out-of-rank" pay, which amounted to an additional 5% compensation over their patrol officer pay.

On July 26, 2001, 51 sergeants, including the appellants herein, filed a petition in Chancery Court to enjoin the City from demoting them, or in the alternative from reducing their pay and benefits to pre-promotion levels.[2]

The Chancery Court granted the injunction by Order entered August 21, 2001. This Order directed the City "to retain [the plaintiffs] in the sergeant position for the time being, with full pay and benefits of the rank." On September 7, 2001, the Chancery Court entered a second Order, which held that the injunction was to remain in effect only "until such time as promotions are made from the [newly devised and implemented] 2001 Sergeant promotional process."

Due to a number of complications, the 2001 promotional process was not completed until November 2002. As a result of that process, the City promoted 264 candidates to sergeant. Of the 54 plaintiffs in the original Chancery Court proceedings, one did not participate in the process and seven (appellants) did not rank high enough for promotion.

On April 8, 2003, the City petitioned the Chancery Court to dissolve the preliminary injunction and to allow it to return these eight officers to the rank of patrol officer. The court granted the City's request on the grounds that they were promoted as the result of an invalid

---

[1] The district court later clarified its ruling at a hearing on August 13, 2001 and made clear that it had not ordered the City to demote the sergeants.

[2] An Amended Complaint, filed April 8, 2003, added three more plaintiffs.

process. The court found that they did not obtain a vested property interest in their 2000 promotion, which would warrant or entitle them to any procedural due process rights before the position was taken away. The trial court noted that it would be inequitable for the City to allow these officers to hold their sergeant rank "in light of their failure to rank within the chosen percentile as determined by the City to receive a promotion in the 2002 sergeant promotional process." The court further found that the return of the Plaintiffs to their former rank did not constitute a demotion because the change occurred not as a result of misconduct or disciplinary action, but rather due to what had been an invalid promotional process originally.

On May 23, 2003, the court entered a Consent Order wherein each Plaintiff was given full credit for time served as sergeant, and the case was concluded. Plaintiffs filed timely appeals on May 23, 2003 (Mack, Burton, Parker and McNeil) and June 17, 2003 (G. Bennett, L. Bennett, Taylor).

The Plaintiffs submit two issues for review:

> 1. Whether the trial court erred in ruling that the Plaintiffs do not have a vested interest in their promotions to the rank of sergeant.

> 2. Whether the trial court erred in holding that Plaintiffs have no right to a hearing before being demoted.

The trial court's rulings that the Plaintiffs do not have a vested property interest in their promotions and that the Plaintiffs have no right to a hearing before being demoted are questions of law. As such, our review of the trial court's order is *de novo* upon the record with no presumption of correctness accompanying the trial court's conclusions of law. *See* Tenn. R. App. P. 13(d); *Waldron v. Delffs*, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998); *Sims v. Stewart*, 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

The Plaintiffs' constitutional claim of deprivation of a property interest without due process depends first on whether they have a vested property right in employment as sergeants. *See Board of Regents v. Roth*, 408 U.S. 564, 576-578 (1972); *Reagan v. United States*, 182 U.S. 419, 425 (1901). If the Plaintiffs have such a property interest, the City cannot deprive them of this right without procedural due process. *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 538 (1985); *see Goss v. Lopez*, 419 U.S. 565, 573-574 (1975). We will now address each of the Plaintiffs' issues in turn.

## I. Do the Plaintiffs have a vested property interest in their promotions to the rank of sergeant?

To sustain a due process claim, the Plaintiffs must demonstrate that they have a property interest sufficient to trigger the procedural safeguards. *Roth*, 408 U.S. at 571-573. Following the United States Supreme Court, the Tennessee Supreme Court has defined constitutionally-protected property interests as follows:

The Fourteenth Amendment's procedural protection of property safeguards the security of interests that a person has already acquired in specific benefits. ***Roth***, 408 U.S. at 576, 92 S.Ct. at 2708. Property interests are not created by the federal constitution. Instead they are created and defined "by existing rules or understandings that stem from an independent source such as state law." ***Roth,*** 408 U.S. at 577, 92 S.Ct. 2709. To be entitled to procedural due process protection, a property interest must be more than a "unilateral expectation" or an "abstract need or desire." It must be a "legitimate claim of entitlement" to a specific benefit. ***Id.*** Indeed it is the purpose of the ancient institution of property to protect those expectations upon which people rely in their daily lives.

***Rowe v. Bd. of Educ. of the City of Chattanooga***, 938 S.W.2d 351, 354 (Tenn. 1996).

In support of their argument, Plaintiffs offer much case law for the proposition that they have a property interest in their sergeant rank. However, in each of these cases, the existence of a property interest was not at issue or was established by statute. Consequently, the cases cited are not relevant to the present discussion. ***See Cooper v. Williamson County Bd. of Educ.***, 803 S.W.3d 200 (Tenn. 1990) (protection of teacher's tenure by statute created property right); ***Case v. Shelby County Civ. Serv. Merit Bd.***, 98 S.W.3d 167 (Tenn. Ct. App. 2002) (involved statute granting property right to employee requiring termination only with just cause).

Plaintiffs have also failed to show that rules or understandings "secure certain benefits and . . . support claims of entitlement to those benefits." ***Roth***, 408 U.S. at 577. As early as the June 25, 2001 Order from Judge McCalla declaring that the 2000 promotional process was invalid, the Plaintiffs were on notice that their positions may not be permanent. Furthermore, on July 3, 2001, the City advised the Plaintiffs that their promotions would be rescinded due to the invalidity of the 2000 test. That the Plaintiffs were aware that their tenure as sergeant was potentially limited evidences the absence of any constitutionally protected property interest and does not demonstrate a "unilateral expectation" that they would remain sergeants without completing the valid test completed in 2002. ***Rowe***, 938 S.W.2d at 354; ***see Roth***, 408 U.S. at 578 (college professor on notice that his position was limited in duration has no property interest in his position to merit procedural due process protection).

Plaintiffs are correct in asserting that the Memphis City Code of Ordinances provides property interest rights in one's position in certain situations. For example, § 9-41 authorizes the City to "terminate, suspend, or demote an employee for just cause, and the employee shall be given a written notice of the reasons for the action." Like the statute cited in ***Case v. Shelby County Civ. Serv. Merit Bd.***, employees terminated, suspended, or demoted for just cause have a property right in their position. This property right is given due process protection by having the termination, suspension, or demotion "appealable to the civil service commission as provided for in this chapter." Memphis City Code of Ordinances, § 9-41. However, the parties have stipulated that § 9-41 only applies to terminations, suspensions, and demotions which were the

-4-

result of discipline.[3]  Therefore, those officers that have been terminated, suspended or demoted as a result of discipline have been given the right to a *Loudermill*-type hearing.  However, the present case does not involve terminations, suspensions, and demotions as the result of discipline, but rather reassignment as the result of an invalid test.  Therefore, § 9-41 of the Memphis City Code of Ordinances does not create property interests in the Plaintiff's promotion to sergeant as the result of an invalid test.

Indeed, we have held that employees do not have property interests in their positions in the most factually analogous cases.  In *Howell v. City of Columbia*, No. M2001-00620-COA-R3-CV, 2002 Tenn. App. LEXIS 743 (Tenn. Ct. App. Oct. 16, 2002), this Court rejected the due process claim of a police officer demoted to patrol officer.  In that case, the City created a new department and named as its Deputy Chief the plaintiff.  Four years later, the City abolished the department and the plaintiff's Deputy Chief position.  In rejecting the plaintiff's claim of a due process violation, we noted that the plaintiff did not have a property interest in either his rank or salary, as the City had the authority to create and abolish departments and individual positions.

Similarly, we held in *Miller v. City of Murfreesboro*, 122 S.W.3d 766 (Tenn. Ct. App. 2003), *cert. denied*, M2001-01478-SC-R11-CV, 2003 Tenn. Lexis 1269 (Tenn. 2003), that the City of Murfreesboro could demote police officers from the rank of detective to patrol officer as a part of a major department reorganization.  Claims from the police officers that the City had violated their due process rights were without merit, as the plaintiffs "have no protected property interest such as would require due process considerations."  *Id.* at 775.

Constitutionally-protected property interests are created and defined by rules or understandings stemming from state law.  *Rowe*, 938 S.W.2d at 354.  The Plaintiffs have not shown any rules or understandings to support their claim of a property interest in their rank as sergeants.  In fact, precedent and city ordinances undermine that claim.  Therefore, we hold that the Plaintiffs have no property right in their rank as sergeants.

**II.  Do the Plaintiffs have a right to a hearing before being returned to their patrol officer positions?**

Where a particular state law, rule or understanding secures property interests, courts have quickly moved to the second prong of the due process analysis: whether the parties were afforded the "opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 554 (1965)).  This "opportunity to be heard" is guaranteed by a full and fair hearing prior to the deprivation of a vested property right.  *Loudermill*, 470 U.S. at 538.  Because the Plaintiffs have not been deprived of a vested property right, they have no right to a *Loudermill* hearing.

**III. Conclusion**

To sustain a due process claim, the Plaintiffs must demonstrate that they have a property interest sufficient to trigger the procedural safeguards.  *Roth*, 408 U.S. at 571-573.  Such

---

[3] The Plaintiffs did pursue their complaint in the City's Civil Service Commission.  However, because they had not been terminated, suspended, or demoted as the result of discipline, the Commission ruled that it lacked jurisdiction to hear their complaints.

property interests originate in state law, rules or understandings. *Rowe*, 938 S.W.2d at 354. Because Plaintiffs have not put forth sufficient state law, rules or understandings in support of their claim of a property interest and because case law is in conflict with that claim, we find that Plaintiffs do not have a property interest in their rank of sergeant rising to the level of constitutionally protected property rights.

The trial court did not err in holding that the Appellants do not have a vested interest in their promotions to the rank of sergeant and, therefore, have no right to a *Loudermill* hearing. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed equally to the Appellants, LaFrancine Bennett, Gayniece Bennett, Wyley Taylor, J. Mack, R. Burton, D. Parker and V. McNeil, and their respective sureties.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.