**John J. WEISSINGER, Plaintiff,**

v.

**Benjamin WARD, Police Commissioner of the City of New York, and the New York City Police Department, Defendants.**

**No. 85 CV 0248.**

United States District Court, E.D. New York.

Feb. 2, 1989.

fraud statute. *See Carpenter, supra,* 108 S.Ct. at 320 n. 6.

**350**

Lecci, Wolin & Wolin by Alan E. Wolin, Hicksville, N.Y., for plaintiff.

Peter L. Zimroth, Corp. Counsel by Steven H. Mosenson, Leslie A. Feiner, Assts. Corp. Counsel, New York City, for defendants.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Plaintiff, a former New York City police officer, brings this action pursuant to 42 U.S.C. § 1983, alleging various constitutional violations resulting from his dismissal from the police force without a hearing. The defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the ground that plaintiff has failed to state and support a claim upon which relief may be granted. This Court has already decided this motion adversely to the plaintiff except to the extent that it gave plaintiff an additional opportunity to show that plaintiff had been denied equal protection of the law or discrimination in violation of his due process rights because he alone had been discharged without a pre-dismissal hearing for his conviction of a misdemeanor committed while on-duty which was a violation of his oath of office.

## FACTS

Plaintiff was employed as a police officer from February 9, 1968–July 25, 1983. On July 25, plaintiff was convicted of four counts of criminal facilitation in the fourth degree—a Class A misdemeanor. Plaintiff was convicted based on a jury's finding that he was aiding individuals who intended to commit insurance fraud, by completing accident reports for damaged cars that had not actually been in accidents, but had instead been acquired from wreckage yards. Immediately following his conviction, plaintiff was summarily dismissed from the police force, pursuant to New York State Public Officers Law § 30(1)(e).

Section 30(1)(e) requires that a policeman's office become vacant upon his conviction of a felony or a crime involving a violation of his oath of office.[1] This oath of office states:

> I do solemnly swear that I will support the Constitution of the United States and the Constitution of the State of New York, and that I will faithfully discharge the duties of the office of public officer in the Police Department of the City of New York according to the best of my ability.

Plaintiff was also dismissed pursuant to Section 434a–14.0(a) of the Administrative Code of the City of New York, which grants the Police Commissioner the power to dismiss summarily a police officer who has been convicted of any criminal offense by a court of competent jurisdiction.

## DISCUSSION

Plaintiff seeks damages and reinstatement. He claims that he has been deprived of his right to due process under the Fourteenth Amendment to the United States Constitution because he was not afforded a pre-dismissal hearing to determine if his conviction constitutes a violation of his oath of office. Plaintiff argues that dismissal without a hearing deprives him of a property interest in his prior position and a liberty interest in his reputation. Plaintiff also argues that his right to equal protec-

---

**1.** The primary purpose of § 30(1)(e) is to insure that the public's trust in its police officers remains high by removing those whose conduct is a betrayal of that trust. *See, e.g., Toro v. Malcolm,* 44 N.Y.2d 146, 404 N.Y.S.2d 558, 375 N.E.2d 739 (1978).

tion has been denied because other officers who committed misdemeanors were given pre-dismissal hearings or permitted to retain their jobs.

This Court, in a Memorandum and Order dated July 18, 1986, denied defendants' motion for summary judgment without prejudice to make a later showing because of plaintiff's allegations that other officers convicted of misdemeanors were given pre-dismissal hearings or allowed to remain in their positions despite their convictions.[2] If plaintiff could show this to be true, he would be able to show a property interest in his position, and a pre-dismissal hearing would be required. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). However, this Court also stated that if defendants could show that all police officers convicted of misdemeanors while *on-duty* involving offenses similar to the present one, i.e., offenses involving a violation of one's oath of office, such as crimes of dishonesty, false statements, etc., were summarily dismissed pursuant to Section 30(1)(e), summary judgment would be proper.

After further discovery, defendants submitted a list of eleven officers who were convicted of on-duty misdemeanors.[3] Of those listed, nine of the eleven officers were dismissed summarily and the remaining two officers were permitted to retire.[4] None of these eleven officers were given pre-dismissal hearings. Plaintiff then submitted the names of four police officers, not on the list submitted by the defendants, whom he claims were permitted to continue working or were given pre-dismissal hearings after conviction.

Of the four officers to whom plaintiff refers, none were in similar circumstances to those of the plaintiff. Two of the named officers were not criminally charged as a result of their incidents. A third officer retired, without a hearing, after being criminally charged for an off-duty assault. Finally, a fourth officer named by the plaintiff was criminally charged with off-duty felony offenses unrelated to his duties as a police officer. While the felony charges against the fourth officer were still pending, the Police Department conducted a disciplinary hearing. Thus, plaintiff has not named any police officer charged with an on-duty misdemeanor who was given a pre-dismissal hearing or permitted to remain in his position.

Plaintiff cites *Furst v. New York City Transit Authority,* 631 F.Supp. 1331 (1986), in further support of his position. In *Furst,* the Honorable I. Leo Glasser of this Court described a policy of firing employees convicted of felonies as "too broad to accomplish any legitimate governmental purpose." *Furst* at 1338. Plaintiff claims that no legitimate governmental purpose was accomplished by his dismissal from the Police Department. In *Furst,* Judge Glasser held that the Transit Authority's policy of firing all convicted ex-felons was violative of equal protection. The Court found that certain felony crimes have no relevance to an individual's work performance and that the broad sweep of the statute deprives many persons of employment. The Court said that in upholding a plan such as this, a municipal employer must demonstrate some relationship between the commission of a particular felony and the inability to adequately perform a particular job.

The firing plan set out in *Furst* is easily distinguished from that of the New York City Police Department. To begin with,

---

**2.** The Second Circuit upheld the summary dismissal procedure for those officers convicted of felonies dismissed pursuant to § 30(1)(e) in *Green v. McGuire,* 683 F.2d 32 (2d Cir.1982), finding that the public has a right to rest assured that its police officers are individuals of moral integrity.

**3.** Defendants state that these eleven cases constitute *all* of the cases for which disciplinary files were opened between 1980 and 1986, the years relevant to this action.

**4.** Both of the retired officers had served on the police force for at least twenty years. Twenty years of active duty is the minimum amount of time required for service retirement eligibility. Plaintiff, having served only fourteen and one half years, could not be eligible for retirement. *See,* New York City Administrative Code § 13–247.

not all officers convicted of misdemeanors are dismissed summarily; only those convicted of crimes committed while on-duty are dismissed summarily or permitted to retire. Those officers convicted of crimes committed while off-duty are afforded pre-dismissal hearings to determine if the offense is a violation of the oath of office. Moreover, *Furst* supports this Court's decision which draws a distinction between on-duty and off-duty violations. While conviction for an off-duty violation might not have any relationship to an officer's ability to carry out his duties and may not reflect upon the integrity of the police force, conviction for an on-duty violation, such as in this case, where an officer uses his official status to further the crimes committed, reflects directly upon the officer's ability to perform his job and upon the police force of which he is a representative. Clearly, the public's trust and confidence in a police officer's ability to enforce the law and protect the public from criminal activity is tied up in the public's belief that police officer's are themselves law abiding members of the community. Violations committed by a police officer while on-duty under the mantle of his office are a serious breach of that trust.

Additionally, no property or liberty right was denied the plaintiff. Once the conviction for a felony or violation of oath of office has been established, the conditions of Section 30(1)(e) are fulfilled and any property or liberty interest in a prior position is lost. *Green* at 36. This Court has previously found plaintiff's conviction was a violation of his oath of office.

CONCLUSION

Plaintiff, having found no officer convicted of an on-duty misdemeanor who received a pre-dismissal hearing, raises no genuine issue of material fact enabling him to go forward with his claim. Therefore, defendants' motion for summary judgment is granted.

SO ORDERED.