OPINION OF THE COURT
 

 Rosenblatt, J.
 

 The two cases before us raise the common question of whether section 14-115 of the Administrative Code of the City of New York permits the Police Commissioner to terminate
 
 *785
 
 tenured police officers summarily. The appeal also addresses the interplay of that section with Public Officers Law § 30 (1) (e) and McKinney’s Unconsolidated Laws of NY § 891 (L 1940, ch 834), both of which involve removal of police officers.
 

 Michael Foley, a tenured New York City police officer, was convicted in New York City Criminal Court, Kings County, of attempted assault in the third degree (a class B misdemeanor) and harassment in the second degree (a violation). The crime involved an off-duty incident at the Lutheran Medical Center in Brooklyn. Following the conviction, and in reliance upon section 14-115 of the Administrative Code of the City of New York, the Commissioner dismissed him without a hearing. Foley then commenced a CPLR article 78 proceeding to annul the dismissal. After initially granting Foley’s petition, Supreme Court on reargument dismissed the petition, and the Appellate Division affirmed.
 

 Dennis Griffin’s case is similar. It arose out of an off-duty incident in which Griffin, also a tenured New York City police officer, was stopped by a plainclothes State Trooper on the State Thruway. Griffin was convicted of resisting arrest and second degree reckless endangerment (both class A misdemeanors), in the Justice Court in the Town of Clarkstown, Rockland County. Following the conviction, the Commissioner dismissed Griffin without a hearing. As with Foley, the Commissioner based the dismissal on section 14-115 of the Administrative Code. Griffin then commenced an article 78 proceeding to annul the dismissal. Supreme Court dismissed the petition, and the Appellate Division affirmed.
 

 The Appellate Division orders in both cases should be reversed.
 

 Section 14-115 (a)-(c) of the Administrative Code reads as follows:
 

 “a. The commissioner shall have power, in his or her discretion, on conviction by the commissioner, or by any court or officer of competent jurisdiction, of a member of the force of any criminal offense * * * to punish the offending party
 
 * *
 
 * by dismissal from the force * * *.
 

 “b.
 
 Members of the force, except as elsewhere provided herein, shall be fined, reprimanded, removed, suspended or dismissed from the force only on written charges made or preferred against them,
 
 
 *786
 

 after such charges have been examined, heard and investigated by the commissioner
 
 * * *.
 

 “c. The commissioner is also authorized and empowered in his or her discretion, to deduct and withhold salary from any member or members of the force, for or on account of absence for any cause without leave, lost time, sickness or other disability, physical or mental; provided, however, that the salary so deducted and withheld shall not, except in case of absence without leave, exceed one-half thereof for the period of such absence; and provided, further, that not more than one-half pay for three days shall be deducted on account of absence caused by sickness [emphasis added].”
 

 Public Officers Law § 30 (1) (e) provides, in relevant part:
 

 “(1) Every office shall be vacant upon the happening of one of the following events before the expiration of the term thereof:
 

 * * *
 

 “(e) His conviction of a felony or a crime involving his oath of office.”
 

 The third member of this statutory trio, section 891 of McKinney’s Unconsolidated Laws (L 1940, ch 834), reads as follows:
 

 “A policeman serving in the competitive class of civil service in any city, county, town or village of the state, any provision of law, rule or regulation to the contrary notwithstanding,
 
 shall not be removed from his position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges,
 
 and with the right to such policeman to be represented by counsel at such hearing and to a judicial review in accordance with the provisions of article seventy-eight of the civil practice act” (emphasis added).
 

 Considering that summary removal and hearing-based removal are addressed in the three enactments, and that each side has drawn upon different parts of these statutory provisions to support its argument, we must determine whether these three provisions — which were enacted at different times — are locked in a statutory clash.
 

 
 *787
 
 On the face of it there is trouble. Section 891 mandates preremoval hearings; on the other hand, Public Officers Law § 30 (1) (e) mandates automatic expulsion for certain crimes, while the Administrative Code speaks of both discretionary dismissal
 
 and
 
 required hearings. It is not the function of the court, however, to declare one statute the victor over another if the statutes may be read together, without misdirecting the one, or breaking the spirit of the other. We conclude that the provisions may be reconciled agreeably, and that it does not require a high-wire statutory balancing act to discern a plausible legislative format. Reading Administrative Code § 14-115 with the other two statutes, we hold, for reasons to follow, that an administrative hearing is required as a predicate for termination of a tenured police officer, unless the officer is convicted of a Public Officers Law § 30 (1) (e) crime (i.e., a felony or an “oath of office” crime).
 

 Administrative Code § 14-115 both contemplates and mandates an administrative hearing upon charges before a tenured police officer may be removed. Subdivision (a) spells out the extent of the discipline authorized; subdivision (b) the rules and procedures. We disagree with the Commissioner’s assertion that the administrative hearing requirement is satisfied by the misdemeanor conviction. That interpretation alters the statutory command. The hearing requirement does not contain or abide any such exception, and we will not legislate one into the plain wording of the Code.
 

 The Commissioner further contends that the phrase “except as elsewhere provided herein” (Administrative Code § 14-115 [b]) creates the exception to the administrative hearing requirement. That interpretation, however, would create an internal statutory incongruity: it is implausible that the Legislature would have painstakingly conferred a hearing requirement, only to take it away in the next statutory breath. We therefore interpret the phrase “except as elsewhere provided herein” more fittingly to refer to subdivision (c), so that the hearing requirement would not apply to disciplinary actions taken under the circumstances referred to under that subdivision. Further, this interpretation comports with the preremoval hearing requirements of McKinney’s Unconsolidated Laws §891.
 

 The Commissioner also maintains that summary dismissal for a misdemeanor conviction may be legislated with no denial of due process. The question before us, however, is not what the Legislature is constitutionally empowered to do, but what
 
 *788
 
 it did (or, more to the point, what it did not) do in its enactment.
 

 Section 30 (1) (e) of the Public Officers Law is a self-executing statute by which a conviction for a felony or a crime involving the “oath of office” spells automatic removal. In
 
 Matter of Duffy v Ward
 
 (81 NY2d 127), this Court held that a misdemeanor conviction for conduct outside the line of duty qualifies as an “oath of office” crime only if the violation is apparent from the Penal Law’s definition of the crime. We agree with the Commissioner that this section may be read consonantly with Administrative Code § 14-115 so as to provide for the summary removal of a police officer for a felony or “oath of office” conviction (see,
 
 Matter of Briggins v McGuire,
 
 67 NY2d 965, 967,
 
 cert denied sub nom. Briggins v Police Dept.,
 
 479 US 930;
 
 Matter of Duffy v Ward, supra).
 
 To the extent that the automatic removal provisions of Public Officers Law contrast with the predismissal administrative hearing requirements of Administrative Code § 14-115 and McKinney’s Unconsolidated Laws § 891, we have little difficulty in harmonizing the provisions by concluding that the Legislature flatly determined that a felony or “oath of office” conviction is serious enough, without more, to justify automatic removal. It may decree, as it has, that there is nothing more to hear, and that no amount of mitigation or explanation can override a conviction of that tenor or abide the officer’s continued employment.
 

 We disagree, however, with the Commissioner’s further contention that the Administrative Code provisions contemplate or permit discretionary summary dismissal for any misdemeanor conviction.
 
 [1]
 
 It is one thing for the Legislature to decree that certain convictions carry summary removal, as it did in Public Officers Law § 30 (1) (e), but it is quite another for a court to find, or to write in, a summary dismissal power under Administrative Code provisions that do not contain it. We hold that the Commissioner’s discretion to dismiss referred to in subdivision (a) of section 14-115 may be exercised only after the administrative hearing that is mandated under subdivision (b).
 

 We note that the Commissioner has proceeded under Administrative Code § 14-115 exclusively, and has disclaimed
 
 *789
 
 any reliance on Public Officers Law § 30 (1) (e) as a basis for dismissing the officers. Accordingly, the question whether any of the misdemeanors of which either officer was convicted qualifies as an “oath of office” misdemeanor, so as to bring it within the automatic removal reach of Public Officers Law § 30 (1) (e), has not been presented for our review, and is not before us
 
 (cf., Matter of Duffy v Ward,
 
 81 NY2d 127,
 
 supra)
 

 [2]
 

 In sum, when an officer is convicted of a felony or an “oath of office” crime the result is automatic expulsion under Public Officers Law § 30 (1) (e). If the Commissioner claims that a particular crime falls under the “oath of office” category, he may proceed under Public Officers Law § 30 (1) (e) and the issue will be determined in accordance with
 
 Matter of Duffy v Ward (supra).
 
 For other convictions an administrative hearing is required pursuant to Administrative Code § 14-115 (b) as a basis for dismissal of a tenured police officer. This hearing requirement does not compel a retrial of the criminal case. The conviction may be presented as prima facie proof which forms the basis for the Commissioner’s potential exercise of discretion. The officer would then have an opportunity to present proof in mitigation, of the sort commonly introduced at an administrative disciplinary hearing, and the opposing side would be free to present proof to the contrary. The Hearing Officer would thereby be able to entertain evidence and consider matters that for a variety of reasons would not have been appropriate at a criminal trial.
 

 Accordingly, in each matter, the order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court, with directions to remand to respondents for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick and Wesley concur; Judge Levine taking no part.
 

 In each case: Order reversed, etc.
 

 [1]
 

 . Under the Commissioner’s reading, the discretionary summary removal power refers not only to misdemeanors, but also to any “criminal offense.” Under the Penal Law an “offense” is defined to include matters even below the misdemeanor grade (see, Penal Law § 10.00 [1], [3]).
 

 [2]
 

 . The Commissioner, in his brief, contends that even if he had dismissed the officers summarily pursuant to Public Officers Law § 30 (1) (e), “it still would be arguable that he acted properly.” We need not and do not decide this issue.