■ In the Matter of ANDREW WILLIAMS, Appellant, v HOWARD E. SAFIR et al., Respondents. [696 NYS2d 139] —Judgment, Supreme Court, New York County (William Leibovitz, J.), entered February 8, 1999, which denied petitioner's application to annul respondents' determination terminating petitioner's employment as a probationary police officer and dismissed the petition, unanimously affirmed, without costs.

We reject petitioner's argument that section 891 of McKinney's Unconsolidated Laws of New York (L 1940, ch 834), which provides that police officers can be terminated only for incompetence or misconduct shown after a hearing (unless convicted of a felony or oath-of-office crime [see generally, Matter of Foley v Bratton, 92 NY2d 781]), applies to probationary as well as tenured police officers. While section 891 does not in terms distinguish between probationary and tenured police officers,

the proposition that probationary officers are not generally entitled to a pretermination hearing is "well settled" (*Matter of York v McGuire*, 63 NY2d 760, 761). We would also note that Civil Service Law § 75 (1), which lists the civil service positions entitled to pretermination hearings, does not include probationary police officers among the nonpermament positions so listed. Concur—Rosenberger, J. P., Tom, Mazzarelli, Lerner and Friedman, JJ.