■ In the Matter of BRADLEY DILLON, Appellant, v HOWARD SAFIR, as Police Commissioner of City of New York, et al., Respondents. [704 NYS2d 568] —Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered on or about October 20, 1999, which denied petitioner's application to annul respondents' determination terminating petitioner's employment as a probationary police officer, and dismissed the petition, unanimously affirmed, without costs.

Petitioner was terminated without a hearing and without a statement of reasons while on a one-year disciplinary probation, imposed pursuant to Administrative Code of the City of New York § 14-115 (d), following a hearing on charges of excessive use of force (*Matter of Dillon v Safir*, 265 AD2d 196). Petitioner claims that such termination violated McKinney's Unconsolidated Laws of NY § 891 (L 1940, ch 834), which provides that police officers can be terminated only for incompetence or misconduct shown after a hearing. However, recent precedent from this Court expressly rejects that section 891

applies to probationary as well as tenured officers (*Matter of Williams v Safir*, 265 AD2d 182, *lv denied* 94 NY2d 758; *Matter of Branigan v Safir*, 269 AD2d 165 [1st Dept, Feb. 3, 2000]). It is also settled that absent a showing of bad faith, police officers on disciplinary probation, like those on ordinary probation, can be terminated for any or no reason (*see, Matter of Wilson v Bratton*, 266 AD2d 140, 141-142). While petitioner does not specifically address the issue of bad faith, we note evidence in the record of disciplinary problems other than that underlying the probation that would support the conclusion that the termination was made in good faith (*see, Matter of Johnson v Katz*, 68 NY2d 649; *Matter of Garrett v Safir*, 253 AD2d 700, *lv denied* 92 NY2d 817). Concur—Williams, J. P., Ellerin, Rubin and Saxe, JJ.