■ LILLIAN R. LEIMAN, Respondent, v 310 WEST 56TH STREET CORP. et al., Appellants. [705 NYS2d 229] —Order, Supreme Court, New York County (Jane Solomon, J.), entered September 7, 1999, which, in a declaratory judgment action to determine plaintiff's status as a holder of unsold shares in a residential cooperative and defendant cooperative's right to approve the subtenancies at issue, converted a temporary restraining order to a preliminary injunction requiring, *inter alia*, that defendants approve a proposed sublease for apartment 7F for a period of two years, and order, same court and Justice, entered September 20, 1999, which, *inter alia*, directed defendant cooperative corporation to accept the Duenes tenancy forthwith, unanimously affirmed, without costs.

Plaintiff sufficiently demonstrated a likelihood of success on the merits, irreparable injury, and a balancing of the equities in her favor to obtain the preliminary injunction here at issue (*see, Doe v Axelrod*, 73 NY2d 748, 750).

We have considered defendants' remaining contentions and find them unavailing. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.

■ In the Matter of CHRISTOPHER NORMILE, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [705 NYS2d 228] —Order, Supreme Court, New York County (Richard Braun, J.), entered October 6, 1999, which denied petitioner's application to annul respondents' determination terminating petitioner's employment as a probationary police officer, unanimously affirmed, without costs.

Petitioner's contention that, pursuant to McKinney's Unconsolidated Laws of NY § 891 (L 1940, ch 834), he was entitled to a pretermination hearing notwithstanding his probationary status has recently been rejected by this Court (*Matter of Williams v Safir*, 265 AD2d 182, *lv denied* 94 NY2d 758), and the present matter affords no reason to reach a different result. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.