■ In the Matter of Francis X. Livoti, Petitioner, v Howard Safir, as Police Commissioner of the City of New York, et al., Respondents. [722 NYS2d 378] —Determination of respondent Police Commissioner, dated February 21, 1997, dismissing petitioner from his position as a police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Stephen Crane, J.], entered February 2, 2000), dismissed, without costs.

Petitioner concedes in his reply brief that, as of June 26, 1998, the date of his conviction of a felony in Federal court, he, in any event, would have been dismissed from the police force by operation of law (Public Officers Law § 30 [1] [e]; *Matter of Foley v Bratton*, 92 NY2d 781, 788). Petitioner nonetheless maintains that he was wrongfully terminated from the police force in respondents' earlier concluded administrative disciplinary proceedings against him and that he is therefore entitled to back pay from the date of his administrative dismissal until the date of his felony conviction. Since we find, however, that respondent's determination terminating petitioner from his position as a police officer was supported by substantial evidence and that the penalty of dismissal was appropriate (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-445), and, accordingly, that petitioner was properly terminated from the police force as of February 21, 1997, it follows that petitioner's claim for back pay is without merit. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Wallach and Buckley, JJ.