**Gary BOLDEN, Ronnie Fordham,**
**Plaintiffs,**

v.

**CITY OF NEW YORK,**
**et al., Defendants.**

**No. 02 Civ. 1606(RMB).**

United States District Court,
S.D. New York.

April 4, 2003.

Irene Thomas, New York City, for plaintoffs.

Michael DeLarco, Corp. Counsel of New York City, New York City, for defendants.

### *DECISION AND ORDER*

BERMAN, District Judge.

## I. Background

On or about March 1, 2002, Gary Bolden and Ronnie Fordham ("Plaintiffs") brought this action to challenge their automatic terminations from employment by the City of New York following their 1999 convictions on federal charges of filing fraudulent tax returns in violation of 18 U.S.C. §§ 287, 3551. Complaint dated March 1, 2002 ("Complaint") ¶¶ 10–23. Plaintiffs had been employed by the New York City Department of Corrections as "permanent competitive class" civil servants and were summarily terminated pursuant to New York Public Officer's Law § 30(1)(e)

(" § 30(1)(e)").[1] *Id.* Plaintiffs contend that § 30(1)(e) "as applied to the plaintiffs is constitutionally infirm," Plaintiffs' Memorandum dated December 27, 2002, and that the termination procedure was selectively enforced against them as African–American employees in violation of their Fourteenth Amendment Equal Protection rights. *Id.* at ¶¶ 32–50.

On August 22, 1999, the State of New York ("Defendant" or "New York State") filed the instant motions pursuant to FED. R. CIV. P. 12(b)(1) and (6) to dismiss as to New York State, asserting that § 30(1)(e) is constitutional and that Plaintiffs' Equal Protection claims do not apply to New York State. Defendant's Memorandum of Law in Support of its Motion to Dismiss ("Defendant's Memorandum") at 9–10. Plaintiffs respond that the case law cited by Defendant has been overruled or is inconsistent with *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Plaintiffs' December 3, 2002 Response Letter ("Plaintiffs' Response Letter") at 2. Plaintiffs do not contend that their Equal Protection claims are applicable to New York State. *Id.* **For the reasons set forth below, Defendant's motion is granted.**

## II. Standard of Review

"In reviewing a Rule 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164,

113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). "The issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir. 1995) (citations omitted). "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (citations omitted); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1954).

## III. Analysis

Plaintiffs' terminations without hearings were proper. The U.S. Court of Appeals for the Second Circuit addressed the constitutionality of § 30(1)(e) in *Greene v. McGuire,* 683 F.2d 32 (2d Cir.1982), and held that "[i]t is clear that § 30(1)(e) was a condition on the jobs held ... which was not within the control of their employer but was a limitation as explicit as a clause in their contract. Once they were convicted—and the condition fulfilled—they lost their property interest." *Id.* at 35. *McGuire's* holding clearly applies here. "[A] public officer should understand that he is vulnerable to summary dismissal if it appears that he fails to meet the conditions of his employment as specified in § 30(1)." *Schirmer v. Town of Harrison,* No. 98 Civ. 2582, 1999 WL 61843, *5, 1999 U.S. Dist. LEXIS 1292, at *15 (S.D.N.Y. Feb. 9, 1999).

Plaintiffs argue unpersuasively that, after the Supreme Court's holding in *Loud-*

---

1. New York Public Officers Law § 30(1)(e) provides, in relevant part:

Every office shall be vacant upon the happening of one of the following events before the expiration of the term thereof:.... His conviction of a felony, or a crime involving

a violation of his oath of office, provided, however, that a non-elected official may apply for reinstatement to the appointing authority upon reversal or the vacating of such conviction where the conviction is the sole basis for the vacancy.

ermill, "McGuire is simply not good law," and that § 30(1)(e) is unconstitutional as it applies to employees with a property interest in their jobs. Plaintiffs' Response Letter at 2–3. Defendant counters that "[s]ince the State determined for valid policy reasons, that a civil servant who is convicted of a felony while in office loses *all* property interests in their position, *Loudermill* is non-controlling, since no process is due a civil servant who is convicted of a felony." Defendant's Memorandum dated December 11, 2002 at 2 (emphasis in original).

 Defendant is correct. *Loudermill* did not overrule *McGuire* but simply reaffirmed the well established rule of law, pre-dating *McGuire*, that "[due process] requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Loudermill*, 470 U.S. at 542, 105 S.Ct. 1487. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 11–12, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978); *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Goss v. Lopez*, 419 U.S. 565, 573–574, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); *Perry v. Sindermann*, 408 U.S. 593, 599, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth*, 408 U.S. 564, 576–578, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Goldberg v. Kelly*, 397 U.S. 254, 264, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Reagan v. United States*, 182 U.S. 419, 425, 21 S.Ct. 842, 45 L.Ed. 1162 (1901). Subsequent to *Loudermill*, both federal and New York State courts have continued to follow *McGuire* by holding that § 30(1) does not offend due process because public officers "convicted of felonies los[e] their

property right in their jobs immediately upon conviction." *Schirmer*, 1999 WL 61843, *4, 1999 U.S. Dist. LEXIS 1292, at *11 (citing *McGuire*, 683 F.2d at 34). *See also id.* at *3–4, 1999 U.S. Dist. LEXIS 1292, *10 ("Second Circuit precedent with respect to New York Public Officer's Law [§ 30(1)] confirms that ... removals pursuant to [§ 30(1)] do not require a pre-termination hearing in order to satisfy due process"); *Weissinger v. Ward*, 704 F.Supp. 349, 351 n. 2 (E.D.N.Y.1989) ("The Second Circuit upheld the summary dismissal procedure for officers convicted of felonies dismissed pursuant to § 30(1)(e) ... finding that the public has a right to rest assured that its police officers are individuals of moral integrity"); *Foley v. Bratton*, 92 N.Y.2d 781, 787, 686 N.Y.S.2d 359, 709 N.E.2d 100 (1999) ("[A]n administrative hearing is required as a predicate for termination of a tenured police officer, unless the officer is convicted of a Public Officers Law § 30(1)(e) crime"); *Matter of Duffy v. Ward*, 81 N.Y.2d 127, 131, 596 N.Y.S.2d 746, 612 N.E.2d 1213 (1993). When "the Legislature flatly determined that a felony or 'oath of office' conviction is serious enough, without more, to justify automatic removal ... [i]t may decree, as it has, that there is nothing more to hear and that no amount of mitigation or explanation can override a conviction of that tenor or abide the officer's continued employment." *Foley*, 92 N.Y.2d at 788, 686 N.Y.S.2d 359, 709 N.E.2d 100.

As "Plaintiffs' allegation of racial discrimination is immaterial to the State's 'role' in this lawsuit," Defendant's Memorandum at 9, the Complaint with respect to New York State is dismissed.[2]

---

**2.** New York State was joined as a party under FED. R. CIV. P. 19(a) because "[a]lthough the plaintiff is not seeking recovery against the State of New York for the City of New York's due process violation, upon reflection, the

State of New York undoubtedly has an interest in the outcome of [the constitutional challenge to § 30(1)(e)] in the plaintiffs' complaint." Plaintiffs' June 14, 2002 Request to Join State of New York as Party Defendant.

## IV. Conclusion

For the foregoing reasons, New York State's motion is granted.