Matter of Herring v O'Neill (2021 NY Slip Op 01199)





Matter of Herring v O'Neill


2021 NY Slip Op 01199


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 


Index No. 101312/18 Appeal No. 13217 Case No. 2020-01120 

[*1]In the Matter of James Herring, Petitioner-Respondent,
v
James P. O'Neill etc., et al., Respondents-Appellants.


James E. Johnson, Corporation Counsel, New York (Eva L. Jerome of counsel), for appellants.
Worth, Longworth & London, LLP, New York (Kyle R. Silverstein of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered October 29, 2019, granting the petition to annul a determination by respondents, dated May 7, 2018, which terminated petitioner from his position as police officer, and reinstating him to his position with back pay, unanimously reversed, on the law, without costs, the judgment vacated, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
Petitioner was not entitled under Military Law § 243(9) to receive credit towards his dismissal probationary period for the time he was absent on military duty, because the statute is clear on its face that it applies only to probationary periods related to "any position" "to which [an officer] may. . .be appointed or promoted" (Military Law § 243[9]; see Matter of DeFrancis v D'Ambrose, 57 AD2d 804, 805 [1st Dept 1977], affd 44 NY2d 889 [1978]). Contrary to petitioner's argument, the statute does not, by its plain terms, apply to dismissal probationary periods imposed as part of a negotiated agreement with his employer, respondent Police Department of the City of New York, to resolve disciplinary charges against him. If the legislature had intended the statute to apply more broadly, it would have so provided (see Colon v Martin, 35 NY3d 75, 78 [2020]; New York City Council v City of New York, 4 AD3d 85, 96 [1st Dept 2004], lv denied 4 NY3d 701 [2004]).
This Court's decision in Matter of Aroca v Bratton (171 AD3d 655 [1st Dept 2019]), does not warrant a contrary result. Unlike here, that case concerned the application of Military Law § 239 to the initial probationary period of a recently appointed police officer, and addressed only whether her modified duty status at the time she was deployed rendered Military Law § 239 inapplicable to her initial probationary period.
Because petitioner remained on dismissal probation at the time he was terminated, a hearing was not required (see Matter of Dillon v Safir, 270 AD2d 116, 117 [1st Dept 2000]; see also Matter of Nieves-Diaz v City of New York, 37 AD3d 356, 356-57 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021